

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–14–896

| | | |
|---|---|---|
| HANNAH A. LESLEY | | **Opinion Delivered** June 17, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR–12–88] |
| STATE OF ARKANSAS | | HONORABLE RANDY F. PHILHOURS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## CLIFF HOOFMAN, Judge

Appellant Hannah Adell Lesley appeals from the revocation of her probation, for which she received a sentence of twenty-four months' incarceration followed by forty-eight months' suspended imposition of sentence (SIS). Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Lesley's counsel has filed a motion to withdraw, alleging that this appeal is wholly without merit. Counsel has also filed a brief in which all adverse rulings are abstracted and discussed. Lesley was notified of her right to file pro se points for reversal; however, she has not done so. We grant counsel's motion to withdraw and affirm the revocation.

On September 13, 2012, Lesley pleaded guilty to theft of property, a Class C felony, and she was sentenced to ninety-six months' supervised probation, plus $520 in court costs and $8,243 in restitution. The conditions of Lesley's probation included the requirements that

SLIP OPINION

she report to her probation officer, that she pay all costs and restitution as ordered, and that she promptly notify the sheriff and probation officer of any change in address or employment.

The State filed a petition to revoke Lesley's probation on January 16, 2013, alleging multiple grounds for revocation, including her failure to report to her probation officer; her failure to pay costs, restitution, and probation fees; and her failure to notify the sheriff and probation officer of her current address and employment.

At the revocation hearing held on July 3, 2014, Amy Peyton, the collector of fines, costs, and restitution at the Crittenden County Sheriff's Office, testified that she had received a total of $805 in payments from Lesley, when Lesley should have made payments totaling $2,000 by the date of the hearing. Lesley's probation officer, Mary Marshall, testified that Lesley had not reported to her since January 2014. Marshall stated that Lesley had received permission to go to Tennessee in November 2013 but had been instructed to continue reporting to her. Marshall testified that Lesley had also failed to report in January, September, November, and December 2013.

Mike Morgan, a bail-bond agent for A–1 Bail Bond Company, who had issued a bond for Lesley, testified that there was a warrant issued for Lesley's arrest after she failed to appear at a court hearing in February 2014. Morgan conducted an investigation and discovered that Lesley had absconded to Seattle, Washington, and then to Beaverton, Oregon, where she was eventually arrested in May 2014 on her outstanding warrant.

Lesley testified that she had gone to Oregon to assist a family member who had been in an automobile accident, and she admitted that she had not reported to Marshall or paid her

court costs or restitution since January 2014. Lesley stated that she was aware of her obligations to attend the scheduled court hearing and to contact Marshall about getting her probation transferred to Oregon but indicated that she was scared and believed the situation "would go away." Lesley testified that she was willing to report to her probation officer as ordered and to stay current on her costs and restitution if the circuit court did not sentence her to a term of imprisonment.

At the conclusion of the hearing, the circuit court found that Lesley was "clearly guilty" of violating the conditions of her probation. The court noted that it would have been willing to work with Lesley on her sentence if she had not previously absconded and ignored her obligations. The court sentenced Lesley to twenty-four months' incarceration in a regional punishment facility, to be followed by forty-eight months' SIS. Lesley has filed a timely appeal from the judgment-and-commitment order.

Counsel has filed a no-merit brief pursuant to Arkansas Supreme Court Rule 4-3(k)(1), in which he has abstracted and discussed all rulings adverse to Lesley. As counsel correctly asserts, the only adverse ruling in this case was the revocation of Lesley's probation.

Pursuant to Arkansas Code Annotated section 5-4-309(d) (Supp. 2013), a trial court may revoke a defendant's probation at any time prior to the expiration of the probationary period if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of probation. The burden is on the State to prove a violation of a condition of probation by a preponderance of the evidence. *Sanders v. State*, 2010 Ark. App. 563. On appeal, the trial court's findings will be upheld unless they are

3

clearly against the preponderance of the evidence. *Cargill v. State*, 2011 Ark. App. 322. Because a determination of the preponderance of the evidence turns heavily on questions of credibility and weight to be given to the testimony, the appellate courts defer to the trial court's superior position in this regard. *Id.*

The conditions of Lesley's probation required that she report to her probation officer as directed; that she pay her court costs, restitution, and probation fees as ordered; and that she notify the sheriff and her probation officer of any change in address or employment. Only one violation of the conditions of probation must be proved by the State to support a revocation. *Robinson v. State*, 2014 Ark. App. 579, 446 S.W.3d 190.

Marshall testified that Lesley had failed to report to her on several occasions in 2013 and that she then failed to report at all after January 2014. Lesley admitted that she had gone to Oregon and had not contacted Marshall to change her address or to transfer her probation. Thus, the circuit court's revocation of Lesley's probation was not clearly against the preponderance of the evidence, and we agree with counsel that there would be no merit to an appeal on this issue. From our review of the record and the brief presented to us, we find that counsel has complied with Rule 4–3(k). We therefore affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

ABRAMSON and GRUBER, JJ., agree.

*C. Brian Williams*, for appellant.

No response.