Oscar ADAWAY, Jr. *v.* STATE of Arkansas

CA CR 97-1022                                         972 S.W.2d 257

Court of Appeals of Arkansas
Division I
Opinion delivered June 24, 1998

*James R. Marschewski*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

TERRY CRABTREE, Judge. The appellant, Oscar Adaway, Jr., was convicted by a jury of two counts of battery in the second degree and one count of fleeing. He was sentenced to three years in the Arkansas Department of Correction for fleeing and a two-year sentence and $2,000 fine for each of the two counts of battery.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(j), his counsel has filed a motion to be relieved and a brief stating there is no merit to the appeal. Appellant was notified of his right to file a *pro se* brief within thirty days. He filed a brief alleging three reasons why his conviction should be overturned: that he was not tried by a jury of his peers; that he had poor representation by his attorney; and that the judgment against him was not justified. The State responded to appellant's *pro se* brief pointing out that a *pro se* litigant is held to the same standards as one who is represented by legal counsel, and that the appellant has failed to abstract any of the pleadings or the record in the instant case. However, Rule 4-3(j)(2) only requires an appellant "to raise any points that he or she chooses." Therefore, a *pro se* brief filed by an indigent appellant upon receiving notice that a no-merit brief has been filed on his or her behalf is supplemental to the brief filed by the representing attorney. The Attorney General must then brief the points raised by the appellant.

 A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract. The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is

not a meritorious ground for reversal. *Skiver v. State*, 330 Ark. 432, 954 S.W.2d 913 (1997). Counsel has not adequately explained any of the adverse rulings nor why each of the adverse rulings is not a meritorious ground for reversal. Also omitted are citations to any authority that would support counsel's belief that an argument on appeal would not have merit. In a case where such a clearly inadequate no-merit brief has been filed, our only option is to direct counsel to rebrief the case according to the standards set forth in *Anders, supra,* and Rule 4-3(j). As we do so, we are reminded of the Supreme Court's rationale for requiring the filing of a no-merit brief rather than a simple statement that the appeal has no merit:

> This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a non-indigent defendant is able to obtain. It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished by counsel.

*Anders,* 386 U.S. at 745. The brief filed in this case, because it lacks a full discussion of each adverse ruling, amounts to nothing more than a statement that the appeal has no merit. Accordingly, we also direct appellant's counsel to discuss the points raised by appellant in his *pro se* brief, and discuss whether such points have merit.

Rebriefing ordered.

AREY and NEAL, JJ., agree.