Robert S. SWEENEY *v.* STATE of Arkansas

CA CR 99-206                                        9 S.W.3d 529

Court of Appeals of Arkansas
Division IV
Opinion delivered January 5, 2000

*Dover & Dixon, P.A.*, by: *James R. Rhodes III*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

A NDREE LAYTON ROAF, Judge. Robert S. Sweeney was convicted in a bench trial of commercial burglary and was sentenced as a habitual offender to 120 months in the Arkansas Department of Correction. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(j) of the Rules of the Arkansas Supreme Court and Court of Appeals, Sweeney's counsel has filed a motion to withdraw on the grounds that there are no meritorious issues that would support an appeal. This motion was accompanied by a brief in which all adverse rulings were abstracted. The argument section of the brief adequately explains why the adverse evidentiary rulings could not support a meritorious appeal, however, Sweeney's counsel has failed to discuss the sufficiency of the evidence. In the brief, he asserts that the issue was not preserved below due to a failure to make a directed-verdict motion. This assertion is not correct.

■ On April 9, 1999, the supreme court amended Rule 33.1 of the Arkansas Rules of Criminal Procedure to require a specific directed-verdict motion in bench trials to preserve sufficiency-of-the-evidence challenges for appellate review. Because Sweeney's trial was held on October 27, 1998, a directed-verdict motion was not required to preserve this issue. *See Strickland v. State*, 322 Ark. 312, 909 S.W.2d 318 (1995). Accordingly, we remand this case to Sweeney's trial counsel to brief this issue. *See Adaway v. State*, 62 Ark. App. 272, 972 S.W.2d 257 (1998).[1]

■ We note that pursuant to Rule 4-3(j) of the Rules of the Arkansas Supreme Court and Court of Appeals the clerk of this court furnished Sweeney with a copy of his counsel's brief and notified him of his right to raise any points that he believed would support a merit appeal. Although Rule 4-3(j) requires only that the points be listed, in either typed or handwritten form, Sweeney filed a "brief" in which he not only raised two points, but also argued their merits. The latter was wholly unnecessary, because *Anders v.*

---

[1] This case is distinguishable from *Alexander v. State*, 55 Ark. App. 148, 934 S.W.2d 927 (1996), in that sufficiency of the evidence was at least raised by the appellant and considered not meritorious by appellant's counsel. In the instant case, Sweeney's counsel proceeds from the false premise that the issue was not preserved. Logically he could not have given the issue a reasoned evaluation on the merits if he thought it was not preserved.

*California, supra,* requires that after an appellant's counsel submits a no-merit brief, this court conducts a full examination of the proceedings to decide if the case is "wholly frivolous." 386 U.S. at 744. We undertake this thorough review of the full record regardless of whether or not the appellant identifies the trial court's errors.

■ Because Sweeney's trial counsel has failed to comply with Rule 4-3(j) of the Rules of the Arkansas Supreme Court and Court of Appeals and the *Anders* procedural blueprint, we deny his motion to withdraw and remand for rebriefing on the sufficiency-of-the-evidence issue. By this opinion, we do not foreclose a decision by Sweeney's counsel to address this issue in a merit brief.

Remanded for rebriefing.

GRIFFEN and MEADS, JJ., agree.