Joseph Wayne EADS *v.* STATE of Arkansas

CA CR 00-984                                           47 S.W.3d 918

Court of Appeals of Arkansas
Division II
Opinion delivered June 27, 2001

*Daniel D. Becker*, for appellant.

One brief only.

ANDREE LAYTON ROAF, Judge. Joseph Wayne Eads was convicted by jury of five counts of incest, found to be a habitual offender, and sentenced to two hundred years in the Department of Correction. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(j) of the Rules of the Arkansas Supreme Court and Court of Appeals, Eads's counsel filed a motion to withdraw as his attorney, alleging that this appeal is without merit. Counsel also filed a brief in which he contends that all

adverse rulings were abstracted and discussed. The clerk of this court furnished Eads with a copy of counsel's brief and notified him of his right to file a *pro se* statement of points for reversal within thirty days. Eads did not file a statement. Because Eads's counsel has failed to abstract and discuss all of the adverse rulings in this case, we order rebriefing.

■ An attorney's request to withdraw from appellate representation on the ground that the appeal is wholly without merit must be accompanied by a brief including an abstract. *Skiver v. State,* 330 Ark. 432, 954 S.W.2d 913 (1997). The brief must contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court on all objections, motions, and requests made by either party with an explanation concerning why each adverse ruling is not a meritorious ground for reversal. *Adaway v. State,* 62 Ark. App. 272, 972 S.W.2d 257 (1998).

Eads's counsel filed a brief pursuant to his motion to withdraw and submitted that no reversible errors were committed at the trial court level and that an appeal would be wholly without merit. While twelve adverse rulings are abstracted and discussed, counsel did not abstract or discuss four other adverse rulings.

■ In *Sweeney v. State,* 69 Ark. App. 7, 9 S.W.3d 529 (2000), this court ordered rebriefing in an *Anders* case where the appellant's counsel failed to discuss the sufficiency of the evidence. In so doing, we stated that *Anders v. California* "requires that after an appellant's counsel submits a no-merit brief, this court conduct a full examination of the proceedings to decide if the case is 'wholly frivolous.' . . . We undertake this thorough review of the full record regardless of whether or not the appellant identifies the trial court's errors." *Sweeney, supra.* Several months later, in *Dewberry v. State,* 341 Ark. 170, 15 S.W.3d 671 (2000), the supreme court likewise ordered rebriefing of an *Anders* case where, although the State had "cured" the abstracting deficiencies by supplemental abstract containing the omitted adverse rulings, counsel's argument failed to addressed these rulings. *Id.*

■ In accordance with this precedent, and because of counsel's failure to comply with Rule 4–3(j), we order rebriefing. However, we note that the United States Supreme Court has stated that an *Anders* brief may be submitted in lieu of a merit appeal only when such an appeal would be "wholly frivolous." This court has also ordered rebriefing in adversary form where we have found that not to be the case. *Tucker v. State,* 47 Ark. App. 96, 885 S.W.2d 904

(1994). The test is not whether counsel thinks the trial court committed no reversible error, but rather whether the points to be raised on appeal would be "wholly frivolous." *Ofochebe v. State*, 40 Ark. App. 92, 844 S.W.2d 373 (1992). If any of the issues raised are not wholly frivolous, we do not determine whether error was committed, but order rebriefing in adversary form. *Id.* Consequently, if an appeal from even one of the sixteen adverse rulings made in the instant case would not be wholly frivolous, the *Anders* procedure should not be employed.

On rebriefing, counsel may elect to either submit a brief in adversary form or one in compliance with Rule 4–3(j) as to all adverse rulings contained in the record.

Rebriefing ordered.

BIRD and BAKER, JJ., agree.