2009 Ark. App. 524

**Stanley Ray VICK, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–1271.**

Court of Appeals of Arkansas.

July 1, 2009.

David L. Dunagin, Fort Smith, for appellant.

No response.

ROBERT J. GLADWIN, Judge.

This is a no-merit appeal from the revocation of appellant's suspended sentence. On January 16, 2008,[1] appellant pled guilty to nonpayment of child support and was sentenced to seventy-two months' suspended imposition of sentence. On March 5, 2008, a revocation petition was filed alleging that appellant violated the conditions of his probation by failing to pay child support since entering his plea of guilty to nonsupport on January 16, 2008. The trial court concluded after a hearing that appellant had violated the conditions of his suspended imposition of sentence. By amended judgment and commitment order filed July 30, 2008, appellant was sentenced to six-years' imprisonment in the Arkansas |₂Department of Correction. This appeal followed.

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4–3(k)(2009) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's counsel has filed a motion to withdraw on the ground that an appeal in this matter would be wholly without merit. Appellant was provided a copy of his counsel's brief and was notified of his right to file a list of points on appeal within thirty days. Appellant has not raised any pro se points for reversal. Accordingly, the State declined to file a responsive brief. We hereby deny

1. The resulting Judgment and Disposition Order was filed on January 28, 2008.

appellant's counsel's motion and remand for rebriefing.

An attorney's request to withdraw from appellate representation based upon a meritless appeal must be accompanied by a brief that contains a list of all rulings adverse to his client that were made on any objection, motion, or request made by either party. *Eads v. State,* 74 Ark.App. 363, 47 S.W.3d 918 (2001). The argument section of the brief must contain an explanation of why each adverse ruling is not a meritorious ground for reversal. *Id.* This court is bound to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Campbell v. State,* 74 Ark.App. 277, 47 S.W.3d 915 (2001). If counsel fails to address all possible grounds for reversal, this court can deny the motion to withdraw and order rebriefing. *Sweeney v. State,* 69 Ark.App. 7, 9 S.W.3d 529 (2000). The test is not whether counsel thinks the circuit court committed no reversible error, but whether the points to be raised on appeal would be wholly frivolous. *Anders, supra; Eads, supra.* Pursuant to *Anders,* we are required to make a determination of whether the case is wholly frivolous after a full examination of all the proceedings. *Anders, supra; Eads, supra.*

Counsel's brief does not comply with the Rules of the Arkansas Supreme Court and Court of Appeals, Rule 4–2(a)(5) (2008), in that the addendum does not include a copy of the conditions of his suspended sentence, which he was convicted of having violated in the trial court, or such important items as the original judgment and commitment order and the petition for revocation. Under Rule 4–2(b)(3), "If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case ... the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies." Because we consider the deficiency herein to be such that this court cannot reach the merits of the case pursuant to Rule 4–2(b)(3), we deny appellant's counsel's motion to withdraw and remand for rebriefing so that counsel may file a compliant brief.

Motion denied; rebriefing ordered.

VAUGHT, C.J., and PITTMAN, J., agree.