SLIP OPINION

Cite as 2014 Ark. App. 579

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-13-778

| | |
|---|---|
| TANEKA DORSHELL ROBINSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** OCTOBER 29, 2014<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR–2006-293]<br><br>HONORABLE JOHN N. FOGLEMAN, JUDGE<br><br><br>AFFIRMED |

## BILL H. WALMSLEY, Judge

Appellant Taneka Robinson appeals from the Crittenden County Circuit Court's revocation of her probation. Robinson argues that the trial court erred in admitting into evidence a probation officer's report in violation of her right to confront and cross-examine witnesses. We affirm.

On May 5, 2006, Robinson pleaded guilty to aggravated assault. She received five years' probation and, among other things, was ordered to pay a fine and costs, totaling $1,500. She was ordered to pay that sum at the rate of $50 per month beginning July 1, 2006. On June 2, 2009, the State filed a petition to revoke, alleging numerous violations of the terms and conditions of her probation. An arrest warrant was issued on June 3, 2009, but could not be served on Robinson until May 25, 2012.

On June 5, 2012, a hearing was held on the State's petition to revoke. Virginia House

with the Crittenden County Sheriff's Department testified that Robinson had made no payments whatsoever toward her fine and costs. A ledger sheet was admitted into evidence without objection.

Mary Marshall, a probation officer, testified that Jim Russell was Robinson's original probation officer and that he had prepared a violation report on May 14, 2009. Robinson objected to its introduction into evidence on the basis that the report was hearsay. The trial court ruled that the report was admissible pursuant to Ark. R. Evid. 803(8) as a report made by a public official setting forth his regularly reported activities and matters observed pursuant to duty. Robinson further objected on the basis that she was not able to confront and cross-examine Russell as to the contents of the report. The trial court noted Robinson's objection but overruled it, again citing the exception to the rule against hearsay.

The violation report indicates that Robinson failed to pay the fine and costs as ordered, admitted to using and tested positive for controlled substances on numerous occasions, last reported to her probation officer on July 1, 2008, failed to notify the probation office of her new address, failed to attend GED classes, failed to complete drug counseling, and failed to pay probation fees.

Robinson admitted committing many of the violations listed in Russell's report. Robinson testified that she was currently working and had held several jobs since getting "stabilized" in early 2010. She received no child support from either of the fathers of her two children, but she worked to support them and received food stamps. She added that family members helped her. She acknowledged that she owed $625 in probation fees and testified

that she had a money order for that amount with her in court to pay those fees.[1] Robinson stated that she was aware at the time she was placed on probation that she must pay a fine and costs. She stated that she did not know why she had failed to make any payments. Robinson then promised the trial court that she could pay the balance of what she owed by September 2012 because she planned to apply her income-tax refund and weekly check toward it. Based on those assurances, the trial court deferred sentencing until September to give Robinson an opportunity to pay the balance, but the trial court found that Robinson nevertheless had violated her probation by failing to report and by using marijuana.

In September, the trial court noted that, while Robinson had not done as promised, she had made two substantial payments in July and August 2012. Because of these efforts, the trial court continued the hearing until March 2013 to give Robinson additional time to comply. The trial court then continued it to May 24, 2013. At the hearing, the judge stated,

> You made certain claims to me about what you could do to pay fines and costs and all that. I mean, just two months, you said, I can pay it all by September, and you did not do that. I gave you another chance because you had made some effort to do it. I continued it until September. You have not done what you had promised to do, but you made an effort, so I continued it not just a couple of months, I continued it six months. Then, I do not know what happened on March 26th, but we rescheduled it for today. And so that would be eight months. In that eight month period not one thing.

Robinson explained that she was no longer working, was forced to move, owed $1,000 on an electricity bill, was seriously ill, and was caring for her sick child. Robinson added that it was "hard" because she was a single parent and did not have any help. The trial

---

[1]It is not clear from the record whether Robinson paid her probation fees.

SLIP OPINION

court sentenced Robinson to serve two years in prison.

In order to revoke probation, the trial court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of probation. *Reynolds v. State*, 2012 Ark. App. 705. The State has the burden of proof but needs to prove only one violation. *Id*. We will not reverse the trial court's decision to revoke unless it is clearly against a preponderance of the evidence. *Id*. When the determination of a preponderance of the evidence turns on questions of credibility and weight, we defer to the superior position of the trial court to decide these matters. *Id*.

On appeal, Robinson argues that she was denied the right to confront and cross-examine Russell as to the contents of his violation report. Robinson argues that the State's only excuse for failing to produce Russell as a witness was that he was no longer employed as a probation officer. Robinson complains that the trial court did not make a specific ruling on whether the State had demonstrated good cause for Russell's absence. Robinson maintains that, once the report was introduced into evidence, she was "forced to testify" and that her testimony should be disregarded.

Although the rules of evidence, including the hearsay rule, are not strictly applicable in revocation proceedings, the right to confront witnesses is. *Jones v. State*, 31 Ark. App. 23, 786 S.W.2d 851 (1990). Arkansas Code Annotated section 16-93-307(c)(1) (Supp. 2013) provides that the defendant has the right to confront and cross-examine adverse witnesses unless the court specifically finds good cause for not allowing confrontation. The court may permit the introduction of any relevant evidence of an alleged violation, including a letter,

affidavit, and other documentary evidence, regardless of its admissibility under the rules governing the admission of evidence in a criminal trial. Ark. Code Ann. § 16-93-307(c)(2).

While Robinson raised her confrontation-clause argument below, she failed to develop that argument and to obtain a specific ruling on the issue. As such, her argument is not preserved for review. *Rodriguez v. State*, 372 Ark. 335, 276 S.W.3d 208 (2008). In any event, the trial court's determination that Robinson violated the terms and conditions of her probation by failing to report and by using marijuana was supported by the evidence, including Robinson's own testimony.

Moreover, even if the trial court erred in admitting the report, any error was harmless.[2] Without considering the violations listed in the report prepared in May 2009, the trial court found that Robinson had, since that time, failed to pay the balance of her fine and costs as promised under oath and even after the trial court permitted her an additional eight months to fulfill her promise. The trial court was not required to believe Robinson's excuses for not making a single payment over that span of time. The evidence showed that Robinson was capable of working; she chose to quit her job, despite her financial obligations; and she had testified earlier that she received support from family members. There was evidence to support a conclusion that Robinson made no effort to pay the remainder of what she owed and that her failure to do so was willful and inexcusable. Because the trial court determines credibility and there is a lower burden of proof in revocation proceedings, we cannot say that the trial

---

[2]Denial of an accused's right to confront witnesses may be harmless error. *Brock v. State*, 70 Ark. App. 107, 14 S.W.3d 908 (2000).

court's decision was clearly against a preponderance of the evidence. For the reasons discussed herein, we affirm the revocation of Robinson's probation.

Affirmed.

HARRISON and GRUBER, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Pamela A. Rumpz*, Ass't Att'y Gen., for appellee.