

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-14-382

| | |
|---|---|
| RICKY L. PEALS<br>APPELLANT | **OPINION DELIVERED** JANUARY 14, 2015<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR-08-667] |
| V. | HONORABLE RALPH WILSON, JR. JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## ROBERT J. GLADWIN, Chief Judge

This is a no-merit appeal from the revocation of appellant Ricky Peals's probation by the Crittenden County Circuit Court, for which he was sentenced to three years in the Arkansas Department of Correction, followed by four years' suspended imposition of sentence.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) (2014) of the Rules of the Supreme Court and Court of Appeals, appellant's counsel has filed a motion to withdraw on the ground that this appeal is wholly without merit. The motion is accompanied by an abstract and addendum of the proceedings below, alleged to include all objections and motions decided adversely to appellant, and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court provided appellant with a copy of his counsel's brief and notified him of his right to file a pro

se statement of points for reversal within thirty days. Appellant did not file pro se points, and as a consequence, the State Attorney General has not filed a brief in response.

As this is a no-merit appeal, counsel is required to list each ruling adverse to the defendant and to explain why each adverse ruling does not present a meritorious ground for reversal. *See Anders*, *supra*; Ark. Sup. Ct. R. 4–3(k)(1); *Eads v. State*, 74 Ark. App. 363, 47 S.W.3d 918 (2001). The test is not whether counsel thinks the circuit court committed no reversible error, but whether the points to be raised on appeal would be wholly frivolous. *See Anders*, *supra*; *Eads*, *supra*. Pursuant to *Anders*, we are required to make a determination of whether the case is wholly frivolous after a full examination of all the proceedings. *See Anders*, *supra*; *Eads*, *supra*.

In compliance with the directive in *Anders*, *supra*, and Rule 4–3(k), counsel claims that he has thoroughly examined the record of this proceeding but found no error that would support an appeal. The circuit court in this matter made only one evidentiary ruling adverse to appellant—in addition to the revocation itself—and that was an attempted "confrontation" objection at the revocation hearing that was overruled. During direct examination, witness Albert Caldwell testified that he was on his way to work and received a call from his aunt that the police were at his apartment. The following colloquy occurred:

> MR. WILLIAMS: I object to confrontation, Your Honor.
>
> THE COURT: He can say what the name is, overruled.
>
> MR. CALDWELL: My aunt's name is Kimberly Garrett.

In his brief, counsel references Arkansas Rule of Evidence 602 (2014):



> Rule 602. Lack of personal knowledge. A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses.

Counsel urges that the circuit court was correct in its ruling because the witness had personal knowledge of the name of his aunt.

Additionally, although the rules of evidence are not strictly applicable in revocation proceedings, the right to confront witnesses is applicable. *Stillwell v. State*, 2010 Ark. App. 546. In *Stillwell*, this court cited *Goforth v. State*, 27 Ark. App. 150, 767 S.W.2d 537 (1989), in which we held that a probationer's right to confront witnesses must be weighed against the State's reasons asserted for not requiring confrontation. While the circuit court did not specifically perform the balancing test required in *Goforth*, such error is harmless in this case because appellant's probation was properly revoked on another basis. The State need only show that the appellant committed one violation in order to sustain a revocation. *See Stillwell*, *supra*.

Counsel's discussion does not squarely reconcile the "confrontation" objection with the ruling by the circuit court. But under either analysis, it was proper for the circuit court to overrule the objection, and there is no basis for a meritorious appeal on this issue.

The second "ruling" that was adverse to appellant is the revocation itself. We hold that there is sufficient evidence to support the revocation. Appellant's conditions of probation required, in part, that he (1) pay all fines and costs as ordered, and (2) live a law-abiding life and not violate state law. Probation may be revoked upon a finding by a


preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. *Vail v. State*, 2014 Ark. App. 407, 438 S.W.3d 286. On appeal, a revocation will not be overturned unless the decision is clearly against the preponderance of the evidence. *Id*. We must give due regard to the circuit court's superior position in determining the credibility of witnesses and weight to be given their testimony. *Id*. In order to support revocation of probation, the State has the burden of proof but need to prove only one violation of conditions of probation. *Robinson v. State*, 2014 Ark. App. 579, 446 S.W.3d 190.

Where the alleged violation involves the failure to pay ordered amounts, after the State has introduced evidence of nonpayment, the burden shifts to the probationer to provide a reasonable excuse for the failure to pay. *Scroggins v. State*, 2012 Ark. App. 87, 389 S.W.3d 40. It is the probationer's obligation to justify his failure to pay, and this shifting of the burden of production provides an opportunity to explain the reasons for nonpayment. *Id*. If the probationer asserts an inability to pay and provides evidence demonstrating that inability, then the State must demonstrate that the probationer did not make a good-faith effort to pay. *Id*. Despite the shifting of the burden of production, the State shoulders the ultimate burden of proving that the probationer's failure to pay was inexcusable. *Id*. If the probationer offers no reasonable explanation for his failure to pay, then it is difficult to find clear error in a circuit court's finding of inexcusable failure. *Id*.

The circuit court found by a preponderance of the evidence that appellant had inexcusably failed to comply with condition number one by not paying his fines and costs

as ordered. The circuit court also found that, based on the testimony of Mr. Caldwell, appellant violated condition number two by committing residential burglary and theft.

Regarding condition one, Amy Peyton, collector of fines at the sheriff's office, testified that she received documentation reflecting that appellant, in case CR–08–667, was assessed a fine of $250 and costs of $770, all of which he was to pay at twenty dollars per month. Between January 12, 2009, and June 7, 2013, his last payment, he paid $405 and had a balance owing of $1020. She identified a computer printout and ledger sheet reflecting the amounts testified to. Appellant did not testify regarding this condition.

With respect to condition two, Mr. Caldwell testified that on September 23, 2011, he was on his way to work when he got a call that the police were at his apartment. When he got there he found that his door was messed up, "like it had been kicked in." Items missing were a refrigerator, a television, a DVD player, and some pants and shirts. The next day, when appellant saw him coming out of his apartment, he told Mr. Caldwell that he had taken the items because Mr. Caldwell's roommate, Richard Flowers, had taken a cell phone from appellant, which had nothing to do with appellant breaking into the apartment and taking the items and returning everything taken. Mr. Caldwell also testified that he did not give appellant permission to enter his property. Appellant did not testify regarding this issue.

Appellant did not testify to and provide a reasonable excuse for not having complied with either of these conditions. Therefore, the findings of the court were not clearly against the preponderance of the evidence. *See Hutchinson v. State*, 2014 Ark. App. 670, ___ S.W.3d ___.

Counsel has carefully reviewed the record for any meritorious appeal issues and finds none. Counsel has discussed possible appeal issues above, and explained why none have merit. Rule 4–3(k)(1). From our review of the record and the brief presented to us, we find compliance with Rule 4–3(k), and we grant counsel's motion to be relieved and affirm the order of revocation.

Affirmed; motion granted.

WHITEAKER and HIXSON, JJ., agree.

*C. Brian Williams*, for appellant.

No response.

SLIP OPINION