
# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-16-13

| | | |
|---|---|---|
| | | **Opinion Delivered** January 18, 2017 |
| MICHAEL OLIVER | APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-13-405] |
| V. | | |
| | | HONORABLE GARY COTTRELL, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## LARRY D. VAUGHT, Judge

This is a no-merit appeal filed on behalf of Michael Oliver following the Crawford County Circuit Court's revocation of his suspended imposition of sentence (SIS). We grant counsel's motion to withdraw and affirm.

Oliver was sentenced to twelve years' SIS in May 2014 after pleading guilty to breaking or entering, theft of property, criminal mischief, theft by receiving, and being a habitual offender. An amended petition[1] was filed in October 2015 alleging that Oliver had committed the new offenses of public intoxication, obstruction of government operations, criminal mischief, domestic battery, terroristic threatening, and was a habitual offender. It also alleged that Oliver had failed to make required payments toward his restitution, fines, fees, and costs.

---

[1]A petition for revocation had previously been filed alleging that Oliver had committed aggravated assault and domestic battery, but that petition did not result in revocation.

SLIP OPINION

A hearing on the petition was held on October 14, 2015. The court heard testimony from Deputy Anthony Whitman, Amita Oliver, and Janice Tuck regarding an incident on June 14, 2015, when Oliver was intoxicated and became angry during a drive back to Arkansas from Oklahoma. The witnesses stated that Oliver broke the windshield on Janice's car, broke Amita's phone, accidentally caused a scratch to Janice's shoulder while hitting the car with a stick, and pushed Amita with such force it left a red mark on her arm.[2] Janice Gilbreath, the victim witness coordinator for the twenty-first judicial district, testified that Oliver had been ordered to pay $80 per month but had not made payments in March, April, or May 2015. He paid $150 in June 2015 but did not make any payments after that. Oliver moved to dismiss, arguing that there was insufficient evidence that he had committed any of the subsequent offenses alleged in the amended petition, that the alleged acts were not committed within Arkansas, and that although he had not paid as ordered, he had sometimes paid more than he had been ordered to pay.

The circuit court revoked Oliver's SIS, finding that he had violated its terms and conditions by being intoxicated, striking Janice's car, and causing the stick to strike Janice. The court also found that he had also inexcusably failed to pay his court-ordered restitution, fines, fees, and costs. He was sentenced to twelve years' imprisonment. At the very end of the hearing, Oliver tried to speak, saying he hadn't had a chance to do so, and the court denied his request to make a statement.

---

[2]Because they were there to testify, the court overruled Oliver's objections that the Confrontation Clause barred Deputy Whitman from testifying about what Amita and Janice said.

SLIP OPINION

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Supreme Court and Court of Appeals, Oliver's counsel has filed a motion to withdraw on the ground that this appeal is wholly without merit. The motion is accompanied by an abstract and addendum of the proceedings below, alleged to include all objections and motions decided adversely to Oliver, and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court provided Oliver with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal. Oliver filed pro se points, and the Attorney General has filed a brief in response. We affirm the sentencing orders and grant counsel's motion to withdraw.

Because this is a no-merit appeal, counsel is required to list each ruling adverse to the defendant and to explain why each adverse ruling does not present a meritorious ground for reversal. *Anders*, 386 U.S. at 744; Ark. Sup. Ct. R. 4-3(k)(1); *Eads v. State*, 74 Ark. App. 363, 365, 47 S.W.3d 918, 919 (2001). The test is not whether counsel thinks the trial court committed no reversible error, but whether the points to be raised on appeal would be wholly frivolous. *Anders*, 386 U.S. at 744; *Eads*, 74 Ark. App. at 365, 47 S.W.3d at 919. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Anders*, 386 U.S. at 744; *Eads*, 74 Ark. App. at 365, 47 S.W.3d at 919.

Oliver's attorney correctly argues that any appeal stemming from the court's adverse rulings related to the testimony of Janice Tuck, Amita Oliver, or Deputy Whitman would be frivolous because Oliver's SIS was also terminated based on failure to pay court-ordered fines, fees, and costs. In order to support revocation of probation, the State has the burden of proof

but need prove only one violation of conditions of Oliver's SIS. *Peals v. State*, 2015 Ark. App. 1, at 4, 453 S.W.3d 151, 154 (citing *Robinson v. State*, 2014 Ark. App. 579, 446 S.W.3d 190). Here, the evidence of Oliver's failure to pay was introduced without objection, and Oliver does not dispute that he failed to pay as ordered. He simply argues that his failure should be excused because he made some payments and because one payment was for more than he was required to make that month. Because there was sufficient evidence to support revocation due to Oliver's failure to pay, and because there were no evidentiary objections or other adverse rulings related to this ground, we affirm the revocation and grant the motion to withdraw. The revocation for failure to pay makes any alleged errors as to other grounds harmless.

Oliver's only pro se point on appeal appears to be that "the State of Arkansas has dropped all charges," and that the courts should set a date for his release. He attached file-marked copies of the State's motion for nolle prosequi and the court's order dismissing the charges of first-degree terroristic threatening, third-degree domestic battery, and the allegation of habitual-offender status in the separate criminal prosecution stemming from the incident in the car with Janice and Amita. Oliver's pro-se points have no merit. First, as discussed above, the court also revoked his SIS on the separate and independent ground of failure to pay. Second, the State's decision to drop the criminal prosecution of the subsequent crimes does not necessarily mean that there was insufficient evidence presented to the circuit court in this case to support a finding that he committed those offenses, especially given the difference in the burden of proof between criminal prosecutions (beyond a reasonable doubt) and revocation cases (preponderance of the evidence). *See Ingram v. State*, 2009 Ark. App. 729, at 5, 363 S.W.3d 6, 9.

Affirmed; motion to withdraw granted.

GLADWIN and HARRISON, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.