

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-16-489

| | |
|---|---|
| DERRICK GLENN ESTELL<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** January 18, 2017<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-2014-83]<br><br>HONORABLE MARCIA R. HEARNSBERGER, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## LARRY D. VAUGHT, Judge

On February 10, 2015, in the Circuit Court of Garland County, Derrick Glenn Estell entered a conditional guilty plea, pursuant to Arkansas Rule of Criminal Procedure 24.3(b)(ii), to second-degree escape, reserving his right to appeal the denial of his motion to dismiss based on a speedy-trial violation. On appeal, Estell's counsel has filed a motion to withdraw as counsel and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k) (2016), arguing that there is no merit to an appeal. Estell was notified of his right to file pro se points, but he did not do so. We affirm the order denying Estell's motion to dismiss and grant counsel's motion to withdraw.

The events giving rise to this appeal occurred on July 28, 2013, when Estell was an Arkansas Department of Correction inmate who had been transferred to the Garland County Sheriff's Office for a court appearance on an unrelated matter. Around 1:15 p.m., Estell

escaped through a small sliding window in the booking area, ran to a vehicle that was waiting for him, and fled.

On November 12, 2013, Estell was arrested by authorities in Florida on unrelated federal charges. On February 7, 2014, while in federal custody, Estell was charged in the Garland County Circuit Court with third-degree escape stemming from his flight from the Garland County Sheriff's Office in July 2013. On April 1, 2014, Estell, still in federal custody, appeared before the Garland County Circuit Court by video and was served with a bench warrant relating to the third-degree-escape charge.

Estell has remained in federal custody throughout the duration of this case.[1] The record reflects that the Garland County Sheriff's Office placed a detainer/hold on Estell while he was in federal custody. The county also requested the United States Marshall's office to release Estell for prosecution; however, the request was denied. His trial on the Garland County escape charge was scheduled and continued several times due to his unavailability.

On February 5, 2016, the Federal Bureau of Prisons transferred Estell to the custody of Arkansas for prosecution. On February 10, 2016, Estell filed a motion to dismiss for speedy-trial violation. He argued that more than one year had elapsed since the date of his arrest. He conceded that one period of time—from June 3, 2014, to July 29, 2014—was attributable to him. However, he contended that all other continuances were the result of the federal authorities' refusal to allow him to be transported and that the circuit court erroneously

---

[1]Estell is serving a thirty-two-year federal sentence in the Federal Bureau of Prisons in Florida for federal offenses, along with a concurrent three-year sentence for Florida state convictions.

SLIP OPINION

charged those continuances to him. Estell argued that he had made a prima facia case under Arkansas Rule of Criminal Procedure 28.1 that his right to a speedy trial had been violated.

The circuit court denied Estell's motion on February 10, 2016, and that same day, Estell entered a conditional guilty plea. On March 7, 2016, the circuit court entered its sentencing order, finding that Estell had pled guilty to second-degree escape and sentencing him as a habitual offender to forty years' imprisonment. On March 8, 2016, Estell timely appealed, and his counsel's no-merit appeal followed.

Because this is a no-merit appeal, counsel is required to list each ruling adverse to the defendant and to explain why each adverse ruling does not present a meritorious ground for reversal. *Anders*, 386 U.S. at 744; Ark. Sup. Ct. R. 4-3(k)(1); *Eads v. State*, 74 Ark. App. 363, 365, 47 S.W.3d 918, 919 (2001). The test is not whether counsel thinks the circuit court committed no reversible error, but whether the points to be raised on appeal would be wholly frivolous. *Anders*, 386 U.S. at 744; *Eads*, 74 Ark. App. at 365, 47 S.W.3d at 919. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Anders*, 386 U.S. at 744; *Eads*, 74 Ark. App. at 365, 47 S.W.3d at 919.

In compliance with the directive in *Anders* and Rule 4-3(k), counsel claims that he has thoroughly examined the record of this proceeding and has concluded that an appeal would be wholly frivolous in this case. He identifies one adverse ruling—the denial of his motion to dismiss based on a speedy-trial violation.

As a general rule, a defendant has no right to appeal from a plea of guilty. Ark. R. App. P.–Crim. 1(a) (2016). However, a defendant may appeal from a conditional guilty plea to

SLIP OPINION

review an adverse determination of a pretrial motion to dismiss a charge because he was not brought to trial within twelve months pursuant to Arkansas Rule of Criminal Procedure 24.3(b)(ii) (2016). Here, Estell pled guilty on the condition that he could appeal the speedy-trial issue. Therefore, we must determine whether an appeal of this issue would be wholly frivolous.

Pursuant to Arkansas Rule of Criminal Procedure 28.1, the State is required to try a criminal defendant within twelve months, excluding any periods of delay authorized by Arkansas Rule of Criminal Procedure 28.3. *May v. State*, 94 Ark. App. 202, 207–08, 228 S.W.3d 517, 521–22 (2006). The accused must be tried within twelve months of the date the charges were filed, except that if prior to that time the defendant has been continuously held in custody, or has been lawfully at liberty, the time for trial commences running from the date of arrest. *Id.* at 208, 228 S.W.3d at 522 (citing Ark. R. Crim. P. 28.2). Arkansas Rule of Criminal Procedure 30.1 provides that, if a defendant is not brought to trial within the requisite time, the defendant will be discharged, and such discharge is an absolute bar to prosecution of the same offense and any other offense required to be joined with that offense. *Id.*, 228 S.W.3d at 522. Once the defendant presents a prima facie case of a speedy-trial violation, i.e., that the trial is or will be held outside the applicable speedy-trial period, the State has the burden of showing that the delay was the result of the defendant's conduct or was otherwise justified. *Id.*, 228 S.W.3d at 522 (citing *Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000)). A defendant is not required to bring himself to trial or "bang on the courthouse door" to preserve his right to a speedy trial; the burden is on the courts and the prosecutors to see that trials are held in

SLIP OPINION

a timely fashion. *Id.*, 228 S.W.3d at 522 (citing *Nelson v. State*, 350 Ark. 311, 86 S.W.3d 909 (2002); *Jones v. State*, 347 Ark. 455, 65 S.W.3d 402 (2002)).

Here, the record demonstrates that Estell presented a prima facie case of a speedy-trial violation because he was served with the bench warrant on April 1, 2014, and he filed his motion to dismiss on February 10, 2016—315 days beyond the one-year limitation. There is one period of time—June 3, 2014, to July 29, 2014—in which the docket sheet reflects that Estell requested and was granted a continuance. There is no dispute that this time period of fifty-six days is chargeable to Estell and is excluded from the computation. Estell's counsel contends that the remaining 259 additional days (April 2, 2014–June 2, 2014, and July 30, 2014–February 5, 2016) are also excludable because they were caused by Estell or were otherwise justified; therefore, any speedy-trial argument on appeal would be wholly frivolous and lack merit.

Arkansas Rule of Criminal Procedure 28.3(a) (2016) provides that the following time is excluded for purposes of computing time for trial:

> The period of delay resulting from other proceedings concerning the defendant, including but not limited to an examination and hearing on the competency of the defendant and the period during which he is incompetent to stand trial, hearings on pretrial motions, interlocutory appeals, and trials of other charges against the defendant.

Rule 28.3(e) further provides that "[t]he period of delay resulting from the absence or unavailability of the defendant is excluded from speedy-trial calculations . . . . A defendant shall also be considered unavailable whenever his whereabouts are known but his presence for the trial cannot be obtained or he resists being returned to the state for trial." *Id.*

In *Arnold v. State*, 2011 Ark. App. 452, we affirmed the circuit court's denial of a speedy-trial motion. We held that the disputed time period was properly excluded pursuant to Rule 28.3(a) & (e) because Washington County had placed a "hold" on the defendant while he was in custody in another county. *Arnold*, 2011 Ark. App. 452, at 6. In reaching this holding, we rejected the defendant's argument that the time could not be excluded from the calculation because Washington County authorities knew his whereabouts the entire time but failed to diligently undertake efforts to timely bring him back for trial. *Id.* at 5–6.

In the instant case, Estell was in federal custody in Florida when he was served with the bench warrant. The State of Arkansas placed a hold on Estell and requested the U.S. Marshall's Office to release him for state prosecution; however, the federal authorities would not release him to Garland County. Therefore, each time Estell's case was called to court (July 29, 2014; November 18, 2014; June 16, 2015; July 21, 2015; October 20, 2015; and January 12, 2016), a continuance was required because Estell remained in federal custody. He was being held in federal custody for federal and state proceedings, including hearings and trials, on unrelated charges. Estell's whereabouts were known, but his presence for a trial in Garland County Circuit Court could not be obtained. Pursuant to Rule 28.3(a) and (e) and *Arnold*, this time—259 days—is excluded from computing the time for trial.

Accordingly, having carefully examined the record and the brief presented to us, we hold that counsel complied with Rule 4-3(k)(1) and *Anders* and that an appeal of the order denying Estell's motion to dismiss for a speedy-trial violation is wholly frivolous. Accordingly, we affirm the order and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

GLADWIN and HARRISON, JJ., agree.

*The Lancaster Law Firm, PLLC*, by:  *Clinton W. Lancaster*, for appellant.

No response.