

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-16-1107

|  |  |
|---|---|
|  | **Opinion Delivered** June 21, 2017 |
| ISAIAH MARTIN | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT |
| APPELLANT | [NO. 18CR-14-992] |
| V. | HONORABLE JOHN FOGLEMAN, JUDGE |
| STATE OF ARKANSAS | AFFIRMED; MOTION TO |
| APPELLEE | WITHDRAW GRANTED |

## LARRY D. VAUGHT, Judge

This is a no-merit appeal filed on behalf of Isaiah Martin after the Crittenden County Circuit Court revoked his probation. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Supreme Court and Court of Appeals, Martin's counsel has filed a motion to withdraw on the ground that this appeal is wholly without merit. The motion is accompanied by an abstract and addendum of the proceedings below, which addresses all objections and motions decided adversely to Martin, and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court provided Martin with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal, but he submitted no points. We affirm the circuit court's revocation of Martin's probation and grant counsel's motion to withdraw.

In October 2014, Martin was charged with battery in the second degree, a Class D felony. The following May, he entered a negotiated plea of guilty and was sentenced to three

SLIP OPINION

years' probation. He signed the conditions of suspended sentence or probation, requiring him to report to his probation officer as directed, cooperate with the probation office, and not use or possess illegal drugs, among other conditions.

On December 29, 2015, the State filed a petition to revoke his probation, alleging that he had failed to pay his court-ordered fines, fees, and costs as directed; failed to report to probation as directed; failed to pay probation fees; failed to notify the sheriff and the probation office of his current address and employment; failed to live a law-abiding life and maintain good behavior without violating any state, federal, or municipal law; and tested positive for THC, heroin, and opiates on July 2, 2015. A hearing was held on September 1, 2016, at which an employee of the Crittenden County Sheriff's Department testified that Martin had not made any payments toward his court-ordered fines, fees, and costs. She testified that he owed $1,170.

Jennifer Clements testified that she is Martin's probation officer through the Arkansas Department of Community Correction. She testified that Martin began probation on May 22, 2015, but remained incarcerated on other charges until June 16, 2015. Although Martin reported in June, July, and August, he failed to report after that. She testified that the next time she saw Martin was in August 2016, when he was in jail. Clements also testified that Martin tested positive for THC, alcohol, and opiates on July 2, 2015.

Clements testified that, although he did not come in to report, Martin called her in September 2015 and told her he was in the hospital after having been "jumped." Clements told Martin to file a police report and to bring her that report along with documentation from the hospital. He never did so. Clements stated that she then tried several times to contact him

SLIP OPINION

by phone and by mail but could not reach him. After his arrest in August 2016, Martin told Clements that he had been out of state, living in Ohio.

Martin testified that he is married and is the father of two young children. He stated that he was currently serving ninety days in jail for failure to appear for a court hearing. He testified that, after beginning his probation, he worked for Paschall Truck Line, but that he had only had enough money to support his wife and children, who were living with her aunt. He stated that he was homeless. He stated that he didn't have any money to pay his fines, fees, or costs. Martin also testified that on August 27, 2015, his ankle was broken when he was attacked by a group of young men while picking up his son. He stated that they shot out his car window and beat him. He said that as a result of his incarceration and the attack, he had developed anxiety and panic attacks and had become paranoid. His doctor prescribed Seroquel. He stated that, although Clements had instructed him to report the incident to the police, he could not do so due to fear of retaliation. He stated that "they shot up my wife's granny's house" and "these dudes got guns and they're crazy shooting." He said that, because he was afraid for his life, he "disappeared" to Ohio. When he finally returned to West Memphis, his wife called the police and reported him "so we could get this handled."

He stated that he could now pay his fines, fees, and costs because his wife just got a lump-sum payment from the army that could cover it. However, he also testified that he didn't have the ability to pay but would get a job and make payments.

Martin testified that the reason he had stopped reporting to Clements was that she scared him off when she told him to report the beating to the police or she would find him in violation.

In closing arguments, Martin's attorney conceded that Martin had failed to make payments as required but argued that he was unable to pay based on lack of financial means. The attorney also argued that the court should place Martin back on probation instead of revoking his probation, so that he could remedy the problems by getting current on his payments and living a law-abiding life. The court found Martin in violation, revoked his probation, and sentenced him to four years' incarceration.

As this is a no-merit appeal, counsel is required to list each ruling adverse to the defendant and to explain why each adverse ruling does not present a meritorious ground for reversal. *Anders*, 386 U.S. at 744; Ark. Sup. Ct. R. 4-3(k)(1); *Eads v. State*, 74 Ark. App. 363, 365, 47 S.W.3d 918, 919 (2001). The test is not whether counsel thinks the trial court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Anders*, 386 U.S. at 744; *Eads*, 74 Ark. App. at 365, 47 S.W.3d at 919. Pursuant to *Anders*, we are required to determine of whether the case is wholly frivolous after a full examination of all the proceedings. *Anders*, 386 U.S. at 744; *Eads*, 74 Ark. App. at 365, 47 S.W.3d at 919.

We are satisfied that there are no nonfrivolous issues that would support an appeal. Counsel correctly notes that Martin raised two objections below, both of which were sustained, and the State raised one objection on which the court never ruled. The only adverse ruling was the court's decision to revoke Martin's probation. In order to support revocation of probation, the State has the burden of proof but need to prove only one violation of the conditions of Martin's probation. *Peals v. State*, 2015 Ark. App. 1, at 4, 453 S.W.3d 151, 154 (citing *Robinson v. State*, 2014 Ark. App. 579, 446 S.W.3d 190). In the present case, there was

sufficient evidence to support the revocation on several grounds. For example, the State presented evidence that Martin failed to report for approximately a year, tested positive for illegal drugs, failed to make required payments, and left the state without obtaining permission or updating the sheriff's office and probation office as to his whereabouts. Therefore, we agree that the record before us presents no nonfrivolous basis for an appeal. We grant counsel's motion to withdraw and affirm.

Affirmed; motion to withdraw granted.

HARRISON and BROWN, JJ., agree.

*Tyler C. Ginn*, for appellant.

No response.