
# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-16-1043

MATTHEW DWANE BYRD

                **APPELLANT**

V.

STATE OF ARKANSAS

                **APPELLEE**

**Opinion Delivered:** June 21, 2017

APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT
[NO. 18CR-10-1274]

HONORABLE RALPH WILSON, JR., JUDGE

AFFIRMED; MOTION TO WITHDRAW GRANTED

## MIKE MURPHY, Judge

This is a no-merit appeal filed on behalf of Matthew Byrd following the Crittenden County Circuit Court's revocation of his suspended imposition of sentence (SIS). We grant counsel's motion to withdraw and affirm.

Byrd was sentenced in 2010 to a three-years SIS on a charge of second-degree forgery. His SIS was revoked once before in 2012, and he served four months in the Crittenden County Detention Center as a result. Upon his release, he was sentenced to four years' SIS.

In May 2016, the State again sought to revoke Byrd's SIS. A hearing was held on August 16, 2016, and the court heard testimony from Jamie Counce, a West Memphis police officer; Todd Grooms, a chief investigator with the Crittenden Country Sheriff's Department; and Demetria Thompson, the keeper of the records for the Crittenden County

Sherriff's Department. It also accepted into evidence, without objection, proof of Byrd's failure to pay toward his fines, fees, and costs. At the conclusion of the hearing, the court found by a preponderance of the evidence that Byrd had violated the conditions that he (1) live a law-abiding life, be of good behavior, and not violate any state, federal, or municipal laws; and (2) pay toward his fines, fees, and costs.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k) (2016), Byrd's attorney has filed a no-merit brief and a motion to withdraw addressing all of the adverse rulings made at the revocation hearing, explaining why each adverse ruling is not a meritorious ground for reversal, and requesting to be relieved as counsel. Byrd was provided with a copy of his counsel's brief and motion and informed of his right to file pro se points. He has not done so.

Because this is a no-merit appeal, counsel is required to list each ruling adverse to the defendant and to explain why each adverse ruling does not present a meritorious ground for reversal. *Anders*, 386 U.S. at 744; Ark. Sup. Ct. R. 4-3(k)(1); *Eads v. State*, 74 Ark. App. 363, 365, 47 S.W.3d 918, 919 (2001). The test is not whether counsel thinks the trial court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Anders*, 386 U.S. at 744; *Eads*, 74 Ark. App. at 365, 47 S.W.3d at 919. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Anders*, 386 U.S. at 744; *Eads*, 74 Ark. App. at 365, 47 S.W.3d at 919.

Byrd's attorney correctly argues that any appeal stemming from the court's adverse rulings related to the testimony of the three witnesses would be frivolous because all such

testimony related to Byrd's failure to live a law-abiding life, and Byrd's SIS was also revoked based on failure to pay court-ordered fines, fees, and costs. In order to support revocation of probation, the State has the burden of proof but need prove only one violation. *Peals v. State*, 2015 Ark. App. 1, at 4, 453 S.W.3d 151, 154 (citing *Robinson v. State*, 2014 Ark. App. 579, 446 S.W.3d 190). Here, the evidence of Byrd's failure to pay was introduced without objection, and Byrd did not dispute that he had failed to pay as ordered. The revocation for failure to pay makes any alleged errors as to other grounds harmless.

We have thoroughly reviewed the entire record and counsel's brief and conclude that Byrd's counsel has adequately explained why there is no meritorious ground for appeal. Because there was sufficient evidence to support revocation due to Byrd's failure to pay and because there were no evidentiary objections or other adverse rulings related to this ground, we affirm the revocation and grant the motion to withdraw. Affirmed; motion to withdraw granted.

VIRDEN and WHITEAKER, JJ., agree.

*S. Butler Bernard, Jr.*, for appellant.

No response.