

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-16-1003

T.S.

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** November 1, 2017

APPEAL FROM THE OUACHITA
COUNTY CIRCUIT COURT
[NO. 52JV-15-152]

HONORABLE EDWIN KEATON,
JUDGE

AFFIRMED; MOTION TO BE
RELIEVED GRANTED

## LARRY D. VAUGHT, Judge

On September 23, 2015, the State filed a petition alleging that T.S., a minor, should be adjudged a juvenile delinquent for committing first-degree criminal mischief. After a bench trial, the Ouachita County Circuit Court adjudicated T.S. delinquent. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals, counsel for T.S. has filed a motion to be relieved as counsel and a brief arguing that there is nothing in the record that would support an appeal.[1] The clerk of this court served T.S. with a copy of her counsel's brief and notification of her right to file a pro se statement of points for reversal within thirty days. She has not availed herself of that

---

[1]This is counsel's second attempt to file a motion to be relieved as counsel and a no-merit brief. In the first attempt, we denied counsel's motion to be relieved and ordered rebriefing based on briefing deficiencies. *T.S. v. State*, 2017 Ark. App. 398. In this second attempt, counsel has corrected the deficiencies.

opportunity. In our review of the record and the brief presented to us, we affirm the adjudication and grant the motion to be relieved as counsel.

On August 6, 2015, three individuals flattened the tires and shattered the windows of Samuel Warren's vehicle. Warren and Deundra Brown witnessed the incident. At trial, Warren and Brown testified that they knew two of the individuals and that T.S. was one of them.[2] Warren said that T.S. was holding a hammer. Warren and Brown reported the incident to the police and advised them of T.S.'s involvement. Warren also testified that after the incident, he sent T.S. a Facebook message asking her why she had vandalized his car, and she told him to stop harassing her. Warren's neighbor, Thomas Melton, testified that he witnessed three individuals damage Warren's vehicle. The police confirmed that Warren's vehicle had been damaged.

T.S.'s grandmother, mother, brother, and T.S. testified that she could not have vandalized Warren's vehicle because she was at home all day "on punishment" on August 6. T.S. said that Mitchell and another friend named "Liberty" tried to convince T.S.'s mother to let T.S. out of the house on August 6, but they failed. T.S. testified that she and Warren had no problems between them; however, she also testified that when she received a Facebook message from Warren confronting her about his car, her response to him was "stop harassing

---

[2]The other identified individual was Tiana Mitchell. Warren and Brown testified that Mitchell and T.S. had been "best friends" with Warren. Mitchell and Warren had lived together (and T.S. often spent the night with them) until a couple of weeks before the August 6, 2015 incident. There was testimony that Mitchell and Warren had had a dispute about one of Mitchell's visitors; Warren moved out of their apartment; Mitchell threw Warren's clothes and furniture out of the apartment; Mitchell told Warren's friends that she wanted to fight him and burn his furniture; and Mitchell and T.S. had been looking for Warren. Testimony revealed that the third individual was a male who Warren believed to be T.S.'s brother.

me." Based on this evidence, at the conclusion of the trial, the circuit court adjudicated T.S. delinquent, and this no-merit appeal followed.

The argument section of a no-merit brief "consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal." Ark. Sup. Ct. R. 4-3(k)(1) (2016). *See also Anders*, 386 U.S. at 744; *Eads v. State*, 74 Ark. App. 363, 365, 47 S.W.3d 918, 919 (2001). The rule requires that the abstract and addendum of a no-merit brief contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court. Ark. Sup. Ct. R. 4-3(k)(1). The test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Anders*, 386 U.S. at 744; *Eads*, 74 Ark. App. at 365, 47 S.W.3d at 919. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Anders*, 386 U.S. at 744; *Eads*, 74 Ark. App. at 365, 47 S.W.3d at 919.

In this no-merit appeal, T.S.'s counsel's brief abstracts and discusses three evidentiary rulings that were adverse to T.S, and counsel argues that these adverse rulings are not meritorious grounds for reversal. We agree. The circuit court did not abuse its discretion in granting the State's three evidentiary objections.

The only other adverse ruling was the circuit court's delinquency finding. In reviewing the sufficiency of the evidence in a delinquency case, we apply the same standard of review as in criminal cases; that is, we view the evidence in the light most favorable to the State, considering only the proof that tends to support the finding of guilt. *T.D. v. State*, 2011 Ark.

SLIP OPINION

App. 486, at 2 (citing *C.H. v. State*, 51 Ark. App. 153, 912 S.W.2d 942 (1995)). We will affirm if the adjudication is supported by substantial evidence, which is evidence that is of sufficient force and character to compel a conclusion one way or the other without resorting to speculation or conjecture. *Id.*

T.S. was adjudicated delinquent for committing first-degree criminal mischief. A person commits the offense of criminal mischief in the first degree if he or she purposely and without legal justification destroys or causes damage to any property of another. Ark. Code Ann. § 5-38-203(a)(1) (Repl. 2013).

In the case at bar, substantial evidence supports the circuit court's delinquency finding. The court found that two witnesses to the incident, Warren and Brown, positively identified T.S. as one of the people who damaged his car. The evidence demonstrated that Warren and Brown knew T.S. and that Warren knew her well. The court specifically found that Warren's testimony was credible. Warren's neighbor confirmed that three people vandalized Warren's vehicle, and the police confirmed the damage.

The circuit court further found that the testimony of T.S. and her witnesses was not credible. The court did not believe that they specifically remembered that on August 6—the day of the incident—that T.S. was "on punishment." The court also found T.S.'s response to Warren's Facebook message odd in light of her testimony that she and Warren had been on good terms and that she had nothing to do with the vandalism. The court questioned why T.S.'s best friend "Liberty" did not testify to corroborate T.S.'s testimony, and the court suggested that T.S.'s brother fit the description of the male who was involved in the vandalism.

Accordingly, based on our review of the record and counsel's brief, we hold that counsel has complied with the requirements of *Anders* and Arkansas Supreme Court Rule 4-3(k)(1) and that the appeal has no merit. We therefore affirm the delinquency finding and grant counsel's motion to be relieved.

Affirmed; motion to be relieved granted.

HARRISON and GLOVER, JJ., agree.

*Ebony Gulley*, public defender, for appellant.

One brief only.