Cite as 2020 Ark. App. 331

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-19-733

|  |  |
|---|---|
| DOMINIC PARKER | **Opinion Delivered** June 3, 2020 |
| APPELLANT | |
| | APPEAL FROM THE POPE COUNTY |
| V. | CIRCUIT COURT |
| | [NO. 58CR-16-895] |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE WILLIAM PEARSON, JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**BRANDON J. HARRISON, Judge**

Dominic Parker appeals from a May 2019 sentencing order revoking his probation. His attorney filed a no-merit brief and a motion to withdraw as counsel pursuant to Rule 4-3(k) (2019) of the Rules of the Supreme Court of Arkansas and *Anders v. California*, 386 U.S. 738 (1967), and asserts that there is no meritorious issue to argue on appeal. We affirm the revocation of Parker's probation and grant counsel's motion to withdraw.

In February 2017, the Pope County Circuit Court sentenced Parker to five years' probation for violating the terms and conditions of his probation on the underlying offense of breaking or entering to which he had pled guilty. Among other things, Parker was ordered to perform twenty hours of community service; regularly report to his probation officer; not commit any new criminal offenses; and pay supervision fees, fines, and restitution as terms of his probation. Several issues arose during Parker's probationary period that

ultimately resulted in the State's filing an amended petition to revoke on 15 May 2018. The State alleged four grounds for the revocation: Parker failed to report to his probation officer, he failed "to pay on financial obligations," he committed the new crime of failing to appear on or around 21 March 2018, and he committed the crime of fleeing on or around 6 September 2017. After a hearing held on 20 May 2019, the circuit court found that Parker had violated the conditions of his probation by failing to report, among other things. Parker was sentenced to twenty-four months' imprisonment in the Arkansas Department of Correction with an additional thirty-six months' suspended imposition of sentence following his release. This appeal followed.

Rule 4–3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections . . . with an explanation as to why each . . . is not a meritorious ground for reversal." Ark. Sup. Ct. R. 4–3(k)(1). Parker's counsel filed a motion to withdraw as counsel simultaneously with an abstract and addendum that includes all objections and motions adverse to Parker. And counsel's appellate brief explains why there is nothing in the record that would support a meritorious appeal. The clerk of this court served Parker a copy of the brief and the motion to withdraw and notified him of the right to file pro se points. Parker filed no pro se points. Therefore, the State's obligation to file a brief was not triggered.

Our review of the record and the accompanying brief shows compliance with Rule4–3(k)(1), and we agree that there is no merit to this appeal. During the May 20 revocation hearing, the circuit court found the Parker had failed to report to his probation officer. The record supports this finding. The State must only prove one violation of a

2

condition of probation to support a revocation, and it did so. *Peals v. State*, 2015 Ark. App. 1, at 4, 453 S.W.3d 151, 154.

Parker's counsel has also addressed the other revocation grounds and adequately explained why the circuit court's revocation of Parker's probation was not clearly erroneous or clearly against the preponderance of the evidence. *Id.* We therefore affirm the 21 May 2019 sentencing order and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

GLADWIN and HIXSON, JJ., agree.

*Michael S. Robbins*, for appellant.

One brief only.