

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-16-1003

| | |
|---|---|
| T.S.<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** June 21, 2017<br><br>APPEAL FROM THE OUACHITA COUNTY CIRCUIT COURT<br>[NO. 52JV-15-152]<br><br>HONORABLE EDWIN KEATON, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## LARRY D. VAUGHT, Judge

The State filed a petition alleging that T.S., a minor, should be adjudged a juvenile delinquent for committing first-degree criminal mischief. After a bench trial, the Ouachita County Circuit Court adjudicated T.S. delinquent. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) (2016) of the Arkansas Rules of the Supreme Court and Court of Appeals, counsel for T.S. has filed a motion to be relieved as counsel and a brief stating that the adverse rulings in the record provide no meritorious grounds for an appeal. We order rebriefing and deny the motion to withdraw as counsel.

The argument section of a no-merit brief "consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal." Ark. Sup. Ct. R. 4-3(k)(1) (2016). The rule requires that the abstract and addendum

SLIP OPINION

of a no-merit brief contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court. *Id.*

T.S.'s counsel's brief lists three evidentiary objections made by the State that were sustained by the circuit court,[1] and counsel argues that these adverse rulings would not provide a nonfrivolous ground for reversal. The first objection is abstracted: "Objection by State: Leading Question. Sustained." The second objection is abstracted: "Objection by defense related to statement by State not relevant to case." The third objection is abstracted: "Objection by State arguing speculation. Sustained." The abstracting of these objections is incomplete and lacks context, making it extremely difficult to determine what testimony was objectionable, the scope of the objection raised at trial, and whether there is a meritorious ground for appeal. Because counsel's abstract is in violation of Ark. Sup. Ct. R. 4-2(a)(5) and 4-3(k)(1), we order rebriefing on this point.

The only other adverse ruling in this case was the circuit court's delinquency finding. Counsel's brief fails to address this adverse ruling and explain why there is no merit to an appeal of the finding.[2] A no-merit brief that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(k)(1) and must be rebriefed. *Sartin v. State*, 2010 Ark. 16, at 8, 362 S.W.3d 877, 882.

Therefore, we order rebriefing and direct counsel to cure the deficiencies under Rule 4-3(k)(1) by filing a substituted abstract and brief within fifteen days from the date of this

---

[1]Counsel's abstract lists a fourth evidentiary objection made by the defense; however, because the circuit court did not rule on this objection, it is not an adverse ruling.

[2]The argument section of T.S.'s counsel's brief stops midsentence in the middle of the page.

opinion. Ark. Sup. Ct. R. 4-2(b)(3). The deficiencies we have noted are not to be taken as an exhaustive list. We encourage counsel, prior to filing a substituted abstract and brief, to examine Rules 4-2 and 4-3 to ensure that she has complied with our rules and that no additional deficiencies are present. *Wells v. State*, 2012 Ark. App. 151, at 3.

Rebriefing ordered; motion to withdraw denied.

HARRISON and BROWN, JJ., agree.

*Ebony Gulley*, Deputy Public Defender, for appellant.

No response.