DAVID M. GLOVER, Judge
This is a no-merit appeal filed on behalf of Charles Douglas Taylor after the Miller County Circuit Court revoked his probation and sentenced him to twelve years' imprisonment. Pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4-3(k) of the Rules of the Supreme Court and Court of Appeals, Taylor's counsel has filed a motion to withdraw on the ground this appeal is wholly without merit. The motion is accompanied by an abstract and addendum of the proceedings below, which address all objections and motions decided adversely to Taylor, and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of our court provided Taylor with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal. Taylor has submitted pro se points. We affirm the revocation of Taylor's probation and grant counsel's motion to withdraw.
Taylor was originally placed on six years' probation in July 2009 for the commission of Class B felony arson in May 2008. In March 2011, he was found to have violated the terms of his probation, and his probation was extended for six years. In 2014, Taylor was again found to have violated the terms of his probation; probation was continued, and he was ordered to serve a 90-day jail sanction at the Miller County Detention Center.
In February 2016, the State filed a petition to revoke Taylor's probation, alleging he failed to abstain from the use of alcoholic beverages or had manufactured, possessed, used, sold, or distributed a controlled substance, narcotic drug, or drug paraphernalia; failed to report to his supervising probation officer as directed; failed to notify the supervising officer of his change of residence; failed to pay court-ordered financial obligations; and failed to pay the probation-supervision fees. After a hearing on the revocation petition, the circuit court found Taylor had violated the terms and conditions of his probation, revoked his probation, and sentenced him to twelve years' imprisonment.
Sufficiency of the Evidence
The sole adverse ruling at the revocation hearing was the revocation of Taylor's probation. A circuit court may revoke a defendant's probation at any time prior to the expiration of the period of probation if, by a preponderance of the evidence, it finds that the defendant has inexcusably failed to comply with a condition of his or her probation. Kidwell v. State , 2017 Ark. App. 4, 511 S.W.3d 341. The State has the burden of proving a condition of probation has been violated; proof of only one violation must be shown in order to sustain a revocation. Martin v. State , 2017 Ark. App. 399, 2017 WL 2683955. The trial court's findings are affirmed on appellate review unless they are clearly against the preponderance of *297 the evidence. Baney v. State , 2017 Ark. App. 20, 510 S.W.3d 799. The appellate courts defer to the trial court's superior position to determine credibility and the weight to be accorded testimony. Kidwell, supra.
Henry Black, Taylor's probation officer, testified Taylor failed to report to him from August to December 2015. Taylor admitted he had not reported since July 2015, claiming he was afraid to report because another probation officer had threatened to "lock him up" for being delinquent on his fines. Black's testimony regarding Taylor's failure to report and Taylor's admission of such failure provides sufficient evidence of Taylor's violation of the terms and conditions of his probation; therefore, the revocation must be affirmed.
Taylor's Pro Se Points
Taylor's argument on appeal appears to be that his twelve-year sentence is illegal because he has been subjected to three revocation proceedings and has been sentenced to a total of twenty-four years for Class B felony arson when the sentencing range is only five to twenty years' imprisonment.[1] Illegal-sentence claims may be raised for the first time on appeal. Anderson v. State , 2017 Ark. App. 300, 2017 WL 1951868. A sentence is illegal when the circuit court lacks the authority to impose it. Id. An illegal sentence is one that is illegal on its face, which requires that the sentence exceed the statutory maximum for the offense for which the defendant was convicted; if a sentence is within the statutory limits, it is legal. Id. Taylor's sentence is not an illegal sentence.
A circuit court has the authority to revoke and extend probation multiple times. Ark. Code Ann. §§ 5-4-303(d) and 5-4-309(f)(2)(B) (Repl. 2006).[2] Furthermore, the circuit court may modify felony probation during the probationary period by imposing a period of confinement not to exceed 120 days. Ark. Code Ann. §§ 5-4-306(b)(4) and 5-4-304(d)(1)(A)(i) (Repl. 2006). Therefore, the circuit court had the authority to revoke Taylor's probation and to also impose a 90-day jail sentence. Although Taylor claims he has been sentenced to twenty-four years for a Class B felony that has a sentencing range of five to twenty years, Ark. Code Ann. § 5-4-401(a)(3) (Repl. 2006), he has, in fact, been sentenced to only twelve years' imprisonment. Taylor is equating the periods of his probationary sentences with terms of imprisonment. They are not the same. If the trial court revokes a defendant's probation, it may impose any sentence that might have been imposed originally for the offense of which the defendant was found guilty, Ark. Code Ann. § 5-4-309(f)(1)(A) (Repl. 2006), as long as the sentence of imprisonment does not exceed the authorized term of imprisonment for the offense. Ark. Code Ann. § 5-4-309(f)(1)(B). See also Ark. Code Ann. § 5-4-303(f) (imprisonment authorized when probation has been previously extended). The State concedes Taylor is entitled to credit for whatever part of the 90-day jail term he may have served, Ark. Code Ann. § 5-4-304(e), but the twelve-year sentence for a Class B felony upon the revocation of his *298 probation is within the sentencing range and is a legal sentence.
From our review of the record and the briefs presented, we find counsel has complied with the requirements of Rule 4-3(k) and hold that there is no merit to this appeal. Accordingly, the revocation of Taylor's probation is affirmed, and counsel's motion to withdraw is granted.
Affirmed; motion to withdraw granted.
Virden and Brown, JJ., agree.

Taylor notes in his pro se points that in Black's January 2015 "Report of Probated Sentence Violation and Recommendation to Revoke," Black erroneously stated that the underlying felony was a Class A felony. However, this typographical error was discussed at the revocation hearing, and it was clarified that Taylor's offense of arson was a Class B felony; the record is clear that Taylor was sentenced in accordance with Class B felony arson.

All statutes referred to are the statutory provisions in effect at the time of the offense.