Cite as 2019 Ark. App. 437

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-19-314

| | |
|---|---|
| ROY WILLIAMS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** October 2, 2019<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NOS. 17CR-12-313 AND 17CR-16-551]<br><br>HONORABLE MICHAEL MEDLOCK, JUDGE<br><br>AFFIRMED |

### LARRY D. VAUGHT, Judge

Roy Williams appeals the Crawford County Circuit Court's order revoking his probation and sentencing him to seven years' imprisonment. He argues that the State failed to prove that his failure to pay restitution was willful. We affirm.

On September 14, 2012, Williams pled guilty to forgery in the second degree and was sentenced to thirty-six months' probation, fines of $3,500, court costs, and restitution in the amount of $3,012.15. The court ordered Williams to pay his fines, court costs, and restitution in monthly installments of $55 beginning in October 2012. After a series of revocation proceedings, new criminal charges, and periods of incarceration, the State filed two separate petitions to revoke on August 2 and 29, 2018, alleging that Williams had failed to pay restitution as ordered.

At Williams's revocation hearing on January 4, 2019, the State presented testimony that Williams still owed restitution in the amount of $2,547.14, meaning that almost seven years after first being ordered to pay restitution, he had paid only about one-third of the amount owed. The State introduced into evidence a payment ledger showing payments made only in October and December 2017 and in January and February 2018. Williams testified that he had been told he could resume making payments when he left a halfway house where he lived from June to September 2017. In June 2017, Williams worked for W & W Automotive, bringing home $450 a week. Starting in September 2017, Williams lived with his father and his wife, so he did not have to pay rent, but he had normal living expenses, such as wood for heat, electricity, cable, and a car payment. At the hearing, Williams testified that he had lost his job near the beginning of April 2018 but had made arrangements to get it back.

The court ruled that Williams had sufficient income and more than enough expendable money to pay more restitution than he had paid. Consequently, it revoked his probation and sentenced him to seven years' imprisonment in the Arkansas Department of Correction.

To support revocation of a defendant's probation, the State must prove a violation of the conditions of probation by a preponderance of the evidence. *Cox v. State*, 2017 Ark. App. 73, at 2. However, the State need only prove a defendant violated one probationary condition in order for a circuit court to revoke probation. *Id.* The appellate court will not reverse the circuit court's decision to revoke unless it is clearly erroneous or clearly against the preponderance of the evidence. *Ferguson v. State*, 2016 Ark. App. 4, at 3, 479 S.W.3d 588, 590. "Determining whether a preponderance of the evidence exists turns on questions of credibility and the weight to be given to the testimony." *Siddiq v. State*, 2016 Ark. App. 422, at 2, 502

S.W.3d 537, 539. This court defers to the circuit court's determinations regarding witness credibility and the weight to be given to testimony. *Id.*, at 4, 502 S.W.3d at 540.

The circuit court may revoke probation if the defendant has not made a good-faith effort to make the court-ordered payments. *Rhoades v. State*, 2010 Ark. App. 730, at 3, 379 S.W.3d 659, 661. While the State has the burden of proving that the failure to pay is inexcusable, once the State has introduced evidence of nonpayment, the burden of going forward shifts to the defendant to offer some reasonable excuse for the failure to pay. *Id.* at 3, 379 S.W.3d at 661. If the probationer asserts an inability to pay and provides evidence demonstrating that inability, then the State must demonstrate that the probationer did not make a good-faith effort to pay. *Peals v. State*, 2015 Ark. App. 1, at 4, 453 S.W.3d 151, 154. Despite the shifting of the burden of production, the State shoulders the ultimate burden of proving that the probationer's failure to pay was inexcusable. *Id.* at 4, 453 S.W.3d at 154.

On appeal, Williams does not dispute that he failed to make payments as required by the conditions of his probation. He argues that the State did not prove that his failure to pay was willful. In response, the State argues that even if the court credited Williams's contention that he had been told he did not have to make payments until after he left the halfway house, he still failed to make several payments after leaving the halfway house in September 2017, despite the fact that he earned $450 a week and chose to pay for cable TV. In *Hanna v. State*, 2009 Ark. App. 809, at 6, 372 S.W.3d 375, 379, we explained that the State can carry its burden of proving willful nonpayment in several ways: (1) by undermining the probationer's credibility; (2) by showing the probationer's lack of effort; (3) by showing that a probationer failed to make a bona fide effort to seek employment or borrow money; or (4) by showing

3

that the probationer is spending money on something nonessential or illegal instead of paying restitution. *See also Joseph v. State*, 2019 Ark. App. 276, at 5, 577 S.W.3d 55, 59. Here, the State presented evidence demonstrating that Williams chose to spend $68 per month on something nonessential like cable TV, which would have covered the monthly payment of $55 in restitution he claims he could not afford to pay. We affirm.

Affirmed.

VIRDEN and SWITZER, JJ., agree.

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.