Cite as 2020 Ark. App. 551

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-20-15

| | | |
|---|---|---|
| TOYA BOSTON | | **Opinion Delivered** December 9, 2020 |
| | APPELLANT | |
| | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. 18CR-16-664] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE RANDY F. PHILHOURS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Toya Boston appeals her convictions of two counts of first-degree battery. She argues that the circuit court erred by denying her directed-verdict motion and her motion to set aside the verdict. We affirm.

On October 17, 2017, the State filed an amended criminal information charging Boston with aggravated residential burglary and two counts of first-degree battery. The charges related to her attack on Patrick Bufford and his thirteen-year-old son, S.P.B., on July 8, 2016. The State later amended the charges to include a child enhancement. The court held a jury trial on July 23, 2019.

At trial, the testimony showed that Boston poured a liquid cleaning substance on both Patrick and S.P.B. that resulted in severe burns to their bodies. Patrick testified that Boston entered his house without his knowledge and poured the substance on him while

he and S.P.B. were sleeping. He identified Boston as his attacker after he awoke to a burning sensation on his face. S.P.B. could not recall exactly when Boston poured the substance on him. He testified that his father's screams woke him up and that he tried to help him but that Boston pushed him to the ground.

At the close of the State's case, Boston moved for a directed verdict on all charges. She argued that the State presented "no proof that she did not act in self-defense." The court denied the motion.

Boston testified that Patrick invited her into his house and that a disagreement ensued. She stated that both Patrick and S.P.B. hit her and that she threw the cleaning substance on them to defend herself. She noted that she grabbed the substance from Patrick's bathroom during the altercation.

Boston renewed her directed-verdict motion at the conclusion of her case. She argued that "there is evidence that she was acting in self-defense" and that "she cannot be guilty of the battery when justification applies." The court denied the motion.

The court thereafter instructed the jury that Boston was asserting justification as a defense to the first-degree-battery charges. Specifically, the jury was instructed that justification was a defense only if Boston reasonably believed that Patrick and S.P.B. were committing, or about to commit, second-degree battery and if Boston used only such force as she reasonably believed was necessary. The jury was further instructed that a person is not justified in using deadly physical force if she knows that the use of deadly physical force can be avoided by retreating; however, she is not required to retreat if she is unable to retreat with complete safety and if she was not the original aggressor.

The jury acquitted Boston of aggravated residential burglary but found her guilty of two counts of first-degree battery and the child enhancement. She was sentenced to forty years in the Arkansas Department of Correction.

Following her conviction, Boston moved to set aside the verdict. She argued that the jury's guilty verdicts on two counts of first-degree battery were inconsistent with her acquittal of aggravated residential burglary. The court denied the motion. This appeal followed.

On appeal, Boston first argues that the circuit court erred by denying her motion for a directed verdict on the two counts of first-degree battery. She asserts that the State failed to prove that she did not act in self-defense.

In order to preserve a challenge to the sufficiency of the evidence in a jury trial, a criminal defendant must move for directed verdict at the close of the evidence offered by the prosecution and at the close of all the evidence. Ark. R. Crim. P. 33.1(a). A motion for directed verdict shall state the specific grounds therefor. *Maxwell v. State*, 373 Ark. 553, 559, 285 S.W.3d 195, 200 (2008). Without a circuit court ruling on a specific motion, there is nothing for this court to review. *Id.* Failure to abide by these procedural rules renders any question of the sufficiency of the evidence waived on appeal. Ark. R. Crim. P. 33.1(c); *Bradley v. State*, 2013 Ark. 58, 426 S.W.3d 363. An appellant must make a specific motion for a directed verdict that advises the circuit court of the exact element of the crime that the State has failed to prove. *Conley v. State*, 2011 Ark. App. 597, 385 S.W.3d 875. Rule 33.1 is strictly construed. *Pratt v. State*, 359 Ark. 16, 194 S.W.3d 183 (2004).

In *Kinsey v. State*, our supreme court held that the appellant's argument that the State failed to negate his justification defense was not preserved for review because he made only a general motion to the circuit court and did not identify specifically how the State's proof was insufficient to meet its burden. 2016 Ark. 393, 503 S.W.3d 772. The court noted that the specific elements would include "whether the State failed to show that [the appellant] lacked a reasonable belief that the victims were about to use deadly force; whether the State failed to demonstrate that [the appellant] could not have retreated safely; or whether the State failed to demonstrate that the victims were not committing, or were about to commit, a felony involving force or violence." *Id*. at 9, 503 S.W.3d at 778; *see also Woods v. State*, 2018 Ark. App. 256, at 4, 548 S.W.3d 832, 835 (holding that the appellant failed to preserve her sufficiency argument on her justification defense when she made a general motion that she was "defending her sons").

Similarly, in this case, Boston generally argued that the State failed to prove that she did not act in self-defense. She did not offer a specific element that the State failed to disprove. Accordingly, we cannot address the merits of Boston's argument.

Boston also argues that the circuit court abused its discretion by denying her motion to set aside the verdict. She argues that the jury's acquittal of aggravated residential burglary is inconsistent with its guilty verdicts on two counts of first-degree battery.

Her argument is without merit. We are without authority to overrule decisions made by the supreme court. *Roark v. State*, 46 Ark. App. 49, 876 S.W.2d 596 (1994). It is well settled that a defendant may not attack her conviction based on inconsistency. *Mercouri v. State*, 2016 Ark. 37, 480 S.W.3d 864. "A jury may convict on some counts but not on

4

others and may convict in different degrees on some counts because of compassion or compromise and not solely because there was insufficient evidence of guilt." *Jordan v. State*, 323 Ark. 628, 631, 917 S.W.2d 164, 165 (1996). "'[T]he jury is free to exercise its historic power of lenity if it believes that a conviction on one count would provide sufficient punishment.'" *McVay v. State*, 312 Ark. 73, 77, 47 S.W.2d 28, 30 (1993) (quoting *United States v. Romano*, 879 F.2d 1056 (2d Cir. 1989)).[1] Accordingly, the circuit court did not err by denying Boston's motion to set aside the verdict.

We therefore affirm Boston's convictions of two counts of first-degree battery.

Affirmed.

WHITEAKER and MURPHY, JJ., agree.

*James Law Firm*, by: *William O. "Will" James III* and *William O. "Bill" James, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.

---

[1]We further point out that the jury's verdicts do not appear inconsistent. A person commits aggravated residential burglary if she commits residential burglary, as defined in Arkansas Code Annotated section 5-39-201, of a residential occupiable structure occupied by any person, and she inflicts or attempts to inflict death or serious physical injury upon another person. Ark. Code Ann. § 5-39-204(a)(2) (Repl. 2013). A person commits residential burglary if she enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing in the structure any offense punishable by imprisonment. Ark. Code Ann. § 5-39-201(a)(1). A person commits first-degree battery, if with the purpose of seriously and permanently disfiguring another person, the person causes such an injury to any person. Ark. Code Ann. § 5-13-201(a)(2) (Supp. 2019). It is possible for the jury to have concluded that Boston committed first-degree battery against Patrick and S.P.B. regardless of whether she was lawfully or unlawfully present in their home.