Cite as 2023 Ark. App. 558

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-22-656

| | | |
|---|---|---|
| JASON ROUSE | | **Opinion Delivered** December 6, 2023 |
| | APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR-19-261] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE ALEX GUYNN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Following a jury trial in the Jefferson County Circuit Court, Jason Rouse was convicted of first-degree murder, and a firearm sentencing enhancement was imposed. He was sentenced to twenty-eight years' imprisonment. On appeal, Rouse argues that he was justified in using deadly physical force against Odell Lankford. We agree with the State that Rouse's arguments are not preserved for appeal; accordingly, we affirm.

The evidence at trial established that on March 23, 2019, Rouse and his fiancée, Nakeishia Dalton, argued with Dalton's brother, Lankford, before Rouse fatally shot him. The altercation was recorded by home security cameras inside and outside the home where Lankford lived, although the videos have no sound. Dalton's teenage brother testified that when Rouse and Dalton arrived at the home, they were looking for Lankford, they said they

"had something for" Lankford, and they displayed a pistol. Video from inside the home shows Dalton holding a handgun and Lankford holding a rifle pointed at the floor. After the altercation moves outside, both Dalton and Rouse point handguns at Lankford, who is shirtless and appears to be unarmed. The argument continues in the street as Dalton and Rouse walk toward their car down the street. Rouse walks to the car a couple of times before he turns and walks toward Lankford while appearing to raise and fire his gun from just a few feet away as Lankford takes steps backward. Lankford then charges toward Rouse and they fall to the ground. The police arrive approximately twenty seconds after the first shot is fired.

In his police interview, Rouse claimed that Lankford may have put a smaller gun in his pants after putting away the rifle and that Lankford attempted to take Dalton's gun while she stood at the car. He claimed that Lankford charged him while armed, that they "wrestled and tussled" with Lankford on top of him, and that he (Rouse) picked up a gun off the ground and shot Lankford out of fear for his life. The police found the guns brandished by Rouse and Dalton in their car, but no gun was found on or around Lankford, who had sustained four gunshot wounds.

On appeal, Rouse argues that he was justified in shooting Lankford because he reasonably believed that Lankford was about to use unlawful deadly force. Rouse claims that Lankford had made threats, had displayed a rifle, and had continued to aggressively pursue him despite his attempts to retreat to the street and to his car.

On appellate review, this court must determine whether there was substantial evidence to support a finding of justification. *Gentry v. State*, 2021 Ark. 26. Justification is

considered an element of the offense, and once raised, it must be disproved by the prosecution beyond a reasonable doubt. *Id.* A person is justified in using deadly physical force upon another person if the person reasonably believes that the other person is committing or about to commit a felony involving force or violence or is using or about to use unlawful deadly physical force. Ark. Code Ann. § 5-2-607(a) (Supp. 2019). A person may not use deadly physical force in self-defense if the person knows that he or she can avoid the necessity of using deadly physical force by retreating. Ark. Code Ann. § 5-2-607(b)(1)(A). However, a person is not required to retreat if the person is unable to retreat with complete safety. Ark. Code Ann. § 5-2-607(b)(1)(B)(i).

The State argues that Rouse's argument is not preserved for appeal because in his directed-verdict motion at trial, he failed to mention justification or any of its elements. A motion for directed verdict shall state the specific grounds therefor. Ark. R. Crim. P. 33.1. We will not address the merits of an appellant's sufficiency argument where the directed-verdict motion is not specific. *Kinsey v. State*, 2016 Ark. 393, 503 S.W.3d 772.

Rouse argued in his directed-verdict motion in relevant part as follows:

My client is charged with murder in the first degree. To sustain the charge, the State must prove beyond a reasonable doubt that, with the purpose of causing the death of Odell Lankford, he caused the death of Odell Lankford. I don't think there's really any dispute at all that my client shot Mr. Lankford. He gave a statement to police indicating that he did, and he also indicated that he was in fear of his life at the time. At no point in that statement did he say anything that, I think, would lead one to believe that he went in there shooting at Odell for the purpose of killing him; certainly for the purpose of neutralizing a threat that he may oppose but not for the purpose of killing him. And the bullets – the testimony regarding the bullets. Most of the gunshots hit Mr. Lankford in the legs, which is not indicative of an intent to kill, as would be a shot to the heart or a shot to the head. . . .

After the defense rested, Rouse renewed his motion "on the same grounds."

In *Kinsey*, *supra*, the defendant argued in his directed-verdict motions that "with regard to self-defense, the State has not disproven that" and "the State has failed to negate self-defense." The supreme court held that Kinsey failed to identify the specific elements he alleged the State had failed to prove—for example, whether the State failed to show that Kinsey lacked a reasonable belief that the victims were about to use deadly force; whether the State failed to demonstrate that Kinsey could have retreated safely; or whether the State failed to demonstrate that the victims were not committing, or were not about to commit, a felony involving force or violence. *See also Johnson v. State*, 2021 Ark. App. 207, at 6 (holding that a directed-verdict motion mentioning the words "justified" and "defending herself" failed to preserve a justification argument for appeal); *Woods v. State*, 2018 Ark. App. 256, at 5, 548 S.W.3d 832, 835 (holding that an argument that the defendant was "defending her sons" did not preserve justification argument).

While Rouse's motion did mention that he was "in fear of his life" and had the "purpose of neutralizing a threat," he did not identify any specific element of justification that the State had failed to disprove. Pursuant to our precedent as set forth above, Rouse's justification argument is not preserved for appeal. Rouse's arguments on appeal regarding imperfect self-defense were likewise not preserved, and he has abandoned his argument that the State otherwise failed to prove that he acted with the purpose of killing Lankford.

4

Even if Rouse's arguments were preserved, viewing the evidence in the light most favorable to the State, we conclude that the State met its burden of negating Rouse's justification defense. The jury was able to view video of the argument leading up to the shooting and the shooting itself. This allowed the jury to observe several discrepancies in the account Rouse gave to police, including his claim that Lankford tried to take Dalton's gun, that Lankford was armed when he was shot, and that Lankford charged at Rouse immediately before being shot. The jury is free to believe the State's account of the facts rather than the defendant's. *Gentry, supra.* Accordingly, we affirm the conviction.

Affirmed.

HARRISON, C.J., and BARRETT, J., agree.

*Morris Law Firm*, by: *Jimmy C. Morris, Jr.*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.