Cite as 2024 Ark. App. 392

# ARKANSAS COURT OF APPEALS

### DIVISION III
No. CR-23-431

| | |
|---|---|
| ZACHARY VERMILLION<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered June 5, 2024<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CR-21-100]<br><br>HONORABLE ALEX GUYNN, JUDGE<br><br>AFFIRMED |

## MIKE MURPHY, Judge

Appellant Zachary Vermillion was charged by criminal information with first-degree murder with a firearm enhancement related to the shooting death of Tony Jones on January 6, 2021. He was convicted by a Jefferson County Circuit Court jury of manslaughter—including a firearm enhancement—and was sentenced to twenty-five years' imprisonment. On appeal, Vermillion makes three arguments: he challenges the sufficiency of the evidence, he argues that an irregularity in the sentencing phase warrants reversal of the firearm-enhancement sentence, and he alleges that the prosecutor's short report of circumstances is clearly erroneous. None of these arguments are preserved, and we affirm.

Only a brief recitation of the facts is necessary. Vermillion purchased a truck from Jones in February 2020. Vermillion was four payments behind on his obligation to Jones. On the day of the shooting, Jones arrived at Vermillion's home workshop demanding his truck back. After a short discussion between the two, Vermillion got into the truck, and Jones walked to the back

of the truck to remove an attached flatbed trailer. When Jones was between the truck's tailgate and the trailer, Vermillion put the truck in reverse. When the truck moved, Jones hopped into the bed. At this point, Vermillion called his wife and asked her to bring him his gun. In his statement to police, Vermillion explained that he saw Jones in the bed of the truck holding a metal pipe, and felt he needed his gun. After his wife had brought him his gun, Vermillion drove the truck around the shop, stopped, got out, and had a brief conversation with Jones. He then got back into the truck and started driving with Jones still in the truck bed.

While he was driving, Vermillion called his wife again. He told her that he was trying to sling Jones out of the truck bed and that Jones was trying to bust out the back window. Vermillion then told his wife he thought he had shot Jones and that Jones was not moving. Jones's autopsy showed he was under the influence of methamphetamine at the time of his death.

After a two-day jury trial, Vermillion was convicted.

On appeal, Vermillion first argues that substantial evidence does not support the manslaughter conviction. Specifically, his argument concerns whether the State negated his justification defense for shooting Jones.

On appellate review, we must determine whether there was substantial evidence to support a finding of justification; justification is considered to be an element of the offense, and once raised, it must be disproved by the prosecution beyond a reasonable doubt. *Rouse v. State*, 2023 Ark. App. 558. A person is justified in using deadly physical force upon another person if the person reasonably believes that the other person is committing or about to commit a felony involving force or violence or is using or is about to use unlawful deadly physical force. Ark.

Code Ann. § 5-2-607(a) (Supp. 2023). A person may not use deadly physical force in self-defense if the person knows that he or she can avoid the necessity of using deadly physical force by retreating, but he or she is not required to retreat if unable to retreat with complete safety. Ark. Code Ann. § 5-2-607(b)(1).

Vermillion's justification argument is not preserved for our review because his directed-verdict motion failed to identify any specific element of justification that the State failed to disprove. A motion for directed verdict shall state the specific grounds therefor. Ark. R. Crim. P. 33.1. In his initial directed-verdict motion regarding the murder charge, Vermillion's counsel challenged the first-degree murder charge by arguing that the State had not met its burden of proving the element of "knowingly" beyond a reasonable doubt.

Consider *Rouse*, 2023 Ark. App. 558. In that case, we held that Rouse's directed-verdict motion that stated he was "in fear for his life" and that he shot the victim "for the purpose of neutralizing a threat that he might oppose but not for the purpose of killing him" was insufficient to preserve Rouse's justification argument for appeal. Here, as in *Rouse*, Vermillion failed to specify in his directed-verdict motions what elements of justification the State failed to prove; therefore, his arguments are not preserved for our review. *See also Nixon v. State*, 2024 Ark. App. 100, 684 S.W.3d 345.

Next, Vermillion argues the firearm enhancement should be reversed and dismissed for irregularities in the jury instructions and sentencing verdict. Specifically, he claims the jury was incorrectly instructed on the available sentence for a firearms enhancement, which amounts to an illegal sentence.

Pursuant to Arkansas Code Annotated section 16-90-120(a) (Supp. 2023), any person convicted of a felony who employs a firearm as a means of committing the felony may be subjected to an additional period of confinement for a period not to exceed fifteen years.

In reading the jury instructions, the court erroneously stated, "Employing a firearm as a means of committing manslaughter is punishable by imprisonment in Arkansas Department of Corrections for an extended term not to exceed ten years." However, the verdict form correctly noted that the maximum sentence was fifteen years, which was what the jury imposed.

The State correctly asserts that Vermillion's argument is not preserved. Vermillion did not correct the court when it misstated the law. In fact, a discussion was had about correcting the verdict form to say "zero–fifteen," and when Vermillion's counsel was asked, "Does that work on the enhancement?" he replied, "Yeah, that's fine." Vermillion's counsel also did not object when the court pronounced the sentence. Our supreme court has held that "[a] defendant who makes no objection at the time sentence is imposed has no standing to complain of it." *Scroggins v. State*, 2019 Ark. App. 346, at 5, 582 S.W.3d 853, 856.

Vermillion argues that this is an issue of illegal sentencing and can be addressed for the first time on appeal. A sentence is illegal when the circuit court lacks the authority to impose it. *Taylor v. State*, 2018 Ark. App. 30, at 3–4, 540 S.W.3d 295, 297. An illegal sentence is one that is illegal on its face, which requires that the sentence exceed the statutory maximum for the offense for which the defendant was convicted; if a sentence is within the statutory limits, it is legal. *Id.* Vermillion's fifteen-year sentence is within the statutory limit for the firearm enhancement. Ark. Code Ann. § 16-90-120(a). Therefore, it is not an illegal sentence, and any argument against it must have been raised in the circuit court to be preserved for appeal.

Last, Vermillion claims that the prosecutor's short report is erroneous because the prosecutor selected an inapplicable aggravating circumstance and failed to note applicable mitigating circumstances. He argues it was an error for the circuit court to "approve" the clearly erroneous report and that prejudice is presumed.

Arkansas Code Annotated section 12-27-113 (Supp. 2023) requires the following:

> (c)(1) When a prisoner is committed to the Division of Correction, his or her commitment papers must include a report on the circumstances attending the offense, particularly such circumstances as tend to aggravate or extenuate the offense, which report shall be kept in the permanent file of such prisoner.

> (2) The report shall be prepared by the prosecutor or deputy prosecutor who represented the state in the proceeding against the prisoner. The report shall be approved by the sentencing judge.

Objections to the forms required to be attached to, or filed with, the sentencing order must be presented to the circuit court to be preserved for appeal. *See Woods v. State*, 323 Ark. 605, 611, 916 S.W.2d 728, 731 (1996) (holding that "any defect in the Departure Form[,]" which was required to be attached to the judgment and commitment order, "should have first been raised to the trial court for consideration and possible correction"). Vermillion did not object to the prosecutor's short report below. Therefore, his argument is not preserved for appeal.

Affirmed.

HARRISON, C.J., and KLAPPENBACH, J., agree.

*Tim Cullen*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.