Cite as 2025 Ark. App. 152

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-24-409

| | |
|---|---|
| JOSEPH ROBERT NELSON | Opinion Delivered March 12, 2025 |
| APPELLANT | APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT |
| V. | [NO. 15CR-23-169] |
| | HONORABLE JERRY DON RAMEY, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | |
| | AFFIRMED; REMANDED TO CORRECT SENTENCING ORDER |

**N. MARK KLAPPENBACH, Chief Judge**

Joseph Robert Nelson appeals from the order of the Conway County Circuit Court sentencing him to six years' imprisonment after revoking his suspended imposition of sentence (SIS). On appeal, Nelson argues that the State failed to prove that he inexcusably violated the terms and conditions of his SIS and that the prosecutor's short report of circumstances is erroneous. We affirm.

In August 2023, Nelson entered a negotiated plea of guilty to the charge of possession of drug paraphernalia and was sentenced to five years' SIS. The conditions of his SIS included the requirement that he pay $60 a month toward his fine and court costs and that he complete a drug-treatment program run by Muskie Harris. In January 2024, the State filed a petition to revoke Nelson's SIS alleging that Nelson had violated these terms. At the

revocation hearing, the Conway County circuit clerk testified that Nelson had made no payments toward his balance of $2090. Muskie Harris testified that he operates an eighteen-month structured-living program and that Nelson had enrolled in his program but did not complete it.

Nelson testified that he was in Harris's program for at least two months before being told to leave for no reason. He had receipts for payments he made to the program totaling $1380. Nelson said that he was working full time during this time. He did not dispute that he had not made payments on his fine and court costs. The circuit court found that the State had proved both alleged violations by a preponderance of the evidence and sentenced Nelson to six years' imprisonment.

Nelson first argues that the State failed to prove that he inexcusably violated the terms and conditions of his SIS. To support revocation, the State must prove a violation of the conditions of probation or SIS by a preponderance of the evidence. *Williams v. State*, 2019 Ark. App. 437, 586 S.W.3d 208. However, the State need only prove a defendant violated one condition in order to revoke. *Id.* The appellate court will not reverse the circuit court's decision to revoke unless it is clearly erroneous or clearly against the preponderance of the evidence. *Id.*

Nelson argues that the State did not prove that he inexcusably failed to make payments toward his fine and costs because the State did not ask him any questions about his employment history, his earnings, or his finances generally, and there was no testimony about his other debts and obligations. The circuit court may revoke an SIS if the defendant

2

has not made a good-faith effort to make the court-ordered payments. *Williams*, *supra*. While the State has the burden of proving that the failure to pay is inexcusable, once the State has introduced evidence of nonpayment, the burden of going forward shifts to the defendant to offer some reasonable excuse for the failure to pay. *Id.* If the defendant asserts an inability to pay and provides evidence demonstrating that inability, then the State must demonstrate that the defendant did not make a good-faith effort to pay. *Id.* Despite the shifting of the burden of production, the State shoulders the ultimate burden of proving that the defendant's failure to pay was inexcusable. *Id.*

In finding that Nelson had inexcusably failed to make payments, the circuit court noted the testimony that Nelson was working before and during his time at the rehabilitation facility and the payments he had made to the facility. The circuit court's finding was not clearly erroneous. Nelson argues that his counsel raised the defense of inability to pay by stating in closing argument that "there is something to be said for the inability to pay"; however, Nelson did not testify that he was unable to pay or offer any evidence demonstrating an inability to pay. He testified that he worked a full-time job and that more than $1000 had been paid to the rehabilitation facility on his behalf. He offered no excuse for his failure to make a single $60 payment. Because there is sufficient proof that Nelson inexcusably failed to pay, it is unnecessary to address his arguments regarding compliance with the drug-treatment condition.

Nelson next argues that the prosecutor's "Short Report of Circumstances" filed pursuant to Arkansas Code Annotated section 12-27-113(c) (Supp. 2023) was clearly

3

erroneous because no facts were included, no aggravating or mitigating factors were noted, and there is no indication the circuit court "approved" the report as required by the statute. Section 12-27-113(c) provides that when a prisoner is committed to the Division of Correction, his or her commitment papers must include a report on the circumstances attending the offense, particularly any circumstances that tend to aggravate or extenuate the offense, and the report shall be kept in the permanent file of the prisoner. The report shall be prepared by the prosecutor or deputy prosecutor who represented the State in the proceeding against the prisoner, and the report shall be approved by the sentencing judge. Ark. Code Ann. § 12-27-113(c)(2). Here, a "short report" was filed along with the sentencing order and is signed by the deputy prosecutor and the circuit court. The section titled summary of the facts simply states, "See Felony Information." The form includes a list of aggravating and mitigating factors, but none are checked.

Nelson's arguments are not preserved for appeal because he did not present them to the circuit court. We have held that objections to forms filed with the sentencing order, such as a short report, must be presented to the circuit court to be preserved for appeal. *Vermillion v. State*, 2024 Ark. App. 392, 690 S.W.3d 899. In any event, Nelson does not point to any aggravating or mitigating factor he thinks should have been selected, and the form was signed by the court. As such, he has not demonstrated any error in the report or any prejudice therefrom.

Although we affirm the revocation, we remand to the circuit court with instructions to correct a clerical error in the sentencing order. The sentencing order incorrectly indicates

4

that Nelson's sentence was not the result of a revocation.  The circuit court is free to correct

a clerical error to have the judgment speak the truth.  *Carter v. State*, 2019 Ark. App. 57, 568

S.W.3d 788.

Affirmed; remanded to correct sentencing order.

BARRETT and WOOD, JJ., agree.

*Tim Cullen*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.