Cite as 2025 Ark. App. 151

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-24-408

| | | |
|---|---|---|
| JOSEPH ROBERT NELSON | | Opinion Delivered March 12, 2025 |
| | APPELLANT | APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. 15CR-14-181] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JERRY DON RAMEY, JUDGE |
| | APPELLEE | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD |

**N. MARK KLAPPENBACH, Chief Judge**

Joseph Robert Nelson appeals the revocation of his suspended imposition of sentence (SIS). Nelson contends that the circuit court committed reversible error (1) by not requiring the State to prove the contents of Nelson's original sentence and original terms and conditions of his SIS; (2) by finding that Nelson inexcusably violated the terms and conditions of his SIS; and (3) by accepting the prosecutor's short report of circumstances. Because the appellate record is incomplete, we cannot conduct appellate review at this time. We remand to settle and supplement the record.

The record reflects that Nelson was originally charged with first-degree domestic battery and possession of drug paraphernalia in 2014 in Conway County in case number 15CR-14-181. Nelson pleaded guilty in that case, resulting in a twenty-year SIS with required conditions, but the written conditions and original judgment are not part of this appellate

record. It appears that Nelson's original SIS was subsequently revoked in August 2023, and the revocation resulted in Nelson's being placed back on SIS, which included monthly payments and a requirement that Nelson attend and complete the Muskie Harris Drug Treatment Program. Yet another petition to revoke was filed in 2024. After a hearing, the circuit court found that Nelson had violated the conditions of his SIS, revoked the suspension, and sentenced Nelson to concurrent terms totaling twenty years in prison for the crimes to which he had pled guilty in 2014. This appeal followed.[1]

We require the entire record to properly confirm our jurisdiction, meaning that we need to ensure that the circuit court had the authority to revoke and determine whether there might be an illegal-sentence issue. Without a complete record, we cannot make those determinations.

If anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and that a supplemental record be certified and transmitted. Ark. R. App. P.-Civ. 6(e) (2024) (as made applicable to criminal cases by Ark. R. App. P.-Crim. 4(a) (2024)). *See also Ross v. State*, 2024 Ark. 70. Accordingly, we remand to the circuit court to settle, if necessary, and thereafter supplement the record with the

---

[1]The present appeal is from an order entered in circuit court case number 15CR-14-181. Nelson separately appeals the revocation of his SIS that had been ordered for his unrelated 2023 conviction in circuit court case number 15CR-23-169. Although the petitions to revoke the two suspensions were tried on a common record, the revocation orders resulted in separate judgments and were appealed separately. The appeal in 15CR-23-169 is decided in a separate opinion, also handed down today. *See Nelson v. State*, 2025 Ark. App. 152 (CR-24-809).

necessary documentation containing the 2014 felony information, the original conditions of Nelson's SIS issued in 2014, and the 2014 judgment. Nelson has thirty days from this date to file a supplemental record with this court. *See Washington v. State*, 2024 Ark. App. 268.

Remanded to settle and supplement the record.

BARRETT and WOOD, JJ., agree.

*Tim Cullen*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.