Cite as 2025 Ark. App. 343

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-24-408

| | |
|---|---|
| JOSEPH ROBERT NELSON | Opinion Delivered June 4, 2025 |
| APPELLANT | APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. 15CR-14-181] |
| V. | |
| STATE OF ARKANSAS | HONORABLE JERRY DON RAMEY, JUDGE |
| APPELLEE | AFFIRMED; REMANDED TO CORRECT SENTENCING ORDER |

**N. MARK KLAPPENBACH, Chief Judge**

Joseph Robert Nelson appeals the revocation of his suspended imposition of sentence (SIS). Nelson contends that the circuit court committed reversible error (1) by not requiring the State to prove the contents of Nelson's original sentence and original terms and conditions of his SIS; (2) by finding that Nelson inexcusably violated the terms and conditions of his SIS; and (3) by accepting the prosecutor's short report of circumstances. We affirm the revocation but remand to correct a clerical error on the sentencing order.

In November 2014, Nelson pleaded guilty to first-degree domestic battery and possession of drug paraphernalia, and he received a ten-year SIS with required conditions. Nelson's SIS was subsequently revoked, and the revocation resulted in Nelson's being placed back on SIS for twenty years with conditions including that he: (1) attend and complete the Muskie Harris Drug Treatment Program, and (2) pay a monthly fee toward fines, fees, and

costs. In January 2024, the State sought to revoke Nelson's SIS alleging his failure to abide by the above-noted conditions.

At the revocation hearing, the circuit clerk testified that as of February 2024, Nelson had paid $190 toward his fines, fees, and costs. Muskie Harris testified that he operates an eighteen-month structured-living program and that Nelson had enrolled in his program but that he did "horrible" and did not complete it; Nelson left after a couple weeks.

Nelson testified that he attended the rehabilitation program for at least two and a half months and that he was kicked out. He admittedly had a positive drug test while in the program. Nelson was also admittedly absent from the facility one night but claimed to have permission. He said he was unable to get into another rehabilitation program and said he was working full time.

The circuit court found that Nelson had violated the conditions of his SIS, revoked the suspension, and sentenced Nelson to concurrent terms totaling twenty years in prison for the crimes to which he had pled guilty in 2014. This appeal followed.

Nelson first asserts that the State failed to prove the existence of the 2014 agreement to plead guilty, the sentencing order, and the terms and conditions of his SIS. Thus, Nelson argues, the circuit court could not confirm its jurisdiction, and there could be no basis to revoke when the 2014 terms and conditions were not present before the circuit court.

We first respond to this argument by stating that we remanded this appeal to the circuit court to settle and supplement the record. *Nelson v. State*, 2025 Ark. App. 151. The appropriate documents are now part of the appellate record and were, thus, part of the record

2

at the circuit-court level. With that issue resolved, we disagree that Nelson's first point on appeal presents any basis for reversal of the revocation.

Nelson next argues that the State failed to prove that he inexcusably violated the terms and conditions of his SIS. To support revocation, the State must prove a violation of the conditions of probation or SIS by a preponderance of the evidence. *Williams v. State*, 2019 Ark. App. 437, 586 S.W.3d 208. However, the State need only prove a defendant violated one condition in order to revoke. *Id.* When the issues concern witness credibility and weight to be given to the testimony, we defer to the circuit court's superior position to make those determinations. *Petties v. State*, 2025 Ark. App. 128, 708 S.W.3d 84. We will not reverse the circuit court's decision to revoke unless it is clearly erroneous or clearly against the preponderance of the evidence. *Williams*, *supra*.

Nelson asserts that he was discharged from rehabilitation "for unknown reasons" and that there was no proof that he was a disciplinary problem. Thus, he argues, this was insufficient evidence of inexcusable failure to comply. We disagree that Nelson has demonstrated reversible error.

"Forgivable, pardonable, and excusable behavior" does not justify a probation revocation. *Reyes v. State*, 2015 Ark. App. 55, at 2, 454 S.W.3d 279, 280 (quoting *Schubert v. State*, 2013 Ark. App. 698, at 4). Nelson contends that his situation is like that in the *Reyes* case where Reyes failed to complete a treatment program, but he had made every effort to comply with that requirement. Nelson's situation is distinguishable from *Reyes*. Reyes promptly enrolled in a sex-offender treatment program as part of his conditions for SIS, but

he was immediately placed on a 1,500 inmate waiting list, and it was unknown how long that wait might last. This court held that Reyes was effectively prevented from complying, which meant his failure was excusable. In contrast, Nelson was admitted to, but did not complete, the eighteen-month program; he was dismissed or "kicked out," and his limited participation was considered "horrible."

Whether Nelson was there for two weeks or more than two months, he failed to complete the eighteen-month rehabilitation program, which was a required condition of his SIS. We hold that the circuit court did not clearly err when it found, under a preponderance-of-the-evidence standard, that Nelson inexcusably violated this term of his SIS.

Last, Nelson argues that the prosecutor's "Short Report of Circumstances" filed pursuant to Arkansas Code Annotated section 12-27-113(c) (Supp. 2023) was clearly erroneous because no facts were included, no aggravating or mitigating factors were noted, and there is no indication the circuit court "approved" the report as required by the statute.[1]

This argument is not preserved for appellate review because objections to forms filed with the sentencing order, such as a short report, must be first presented to the circuit court.

---

[1]Section 12-27-113(c) requires prison commitment papers to include a report on the circumstances attending the offense, particularly any aggravating or extenuating circumstances, and the report shall be kept in the prisoner's permanent file. The report shall be prepared by the State and approved by the sentencing judge. Ark. Code Ann. § 12-27-113(c)(2). Here, a "short report" was filed along with the sentencing order and is signed by the deputy prosecutor. The section titled summary of the facts simply states, "See Felony Information." The form includes a list of aggravating and mitigating factors, but none are checked.

*Vermillion v. State*, 2024 Ark. App. 392, 690 S.W.3d 899. Moreover, Nelson does not point to any aggravating or mitigating factor that he thinks should have been selected. As such, he has not demonstrated any error in the report or any prejudice therefrom. *See Nelson v. State*, 2025 Ark. App. 152.

Although we affirm the circuit court's decision to revoke Nelson's SIS, we must remand for correction of what appears to be an error on the sentencing order. Nelson was sentenced in one count for domestic battery. This would presumably be considered a "domestic violence related offense" as described on the final page of the order. The sentencing order, however, checked "no" on the questions related to domestic-violence-related offenses. The circuit court is free to correct a clerical error to have the judgment speak the truth. *McDaniels v. State*, 2025 Ark. App. 213, __ S.W.3d __. Accordingly, we remand for the circuit court to make any necessary corrections.

Affirmed; remanded to correct sentencing order.

GLADWIN and TUCKER, JJ., agree.

*Tim Cullen*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.