Cite as 2026 Ark. App. 57

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-25-103

| | | |
|---|---|---|
| | | Opinion Delivered February 4, 2026 |
| JARION ROBINSON | | |
| | APPELLANT | APPEAL FROM THE DREW COUNTY CIRCUIT COURT |
| V. | | [NO. 22CR-22-229] |
| STATE OF ARKANSAS | | HONORABLE CREWS PURYEAR, |
| | APPELLEE | JUDGE |
| | | |
| | | AFFIRMED |

## N. MARK KLAPPENBACH, Chief Judge

Following a jury trial in the Drew County Circuit Court, Jarion Robinson was found guilty of first-degree murder, terroristic act, and second-degree battery. He was sentenced to a cumulative term of seventy-three years' imprisonment. On appeal, Robinson argues that there was insufficient evidence to convict him of first-degree murder because he was justified in using deadly physical force. Robinson's arguments are not preserved for appellate review; accordingly, we affirm.

Robinson was charged with the murder of J'Kyron Hines, who was shot four times through the window of his parked car. When interviewed by police, Robinson initially claimed that he was not present at the shooting. After investigators told him they knew from other witnesses that he was the shooter and that it could be self-defense, Robinson admitted that he was there, but he maintained that he was not the shooter. In a subsequent interview

initiated by Robinson, he admitted that he shot Hines after Hines fought with Robinson's brother because he knew Hines was reaching for a gun. Robinson said that he shot Hines two or three times and "noticed he had a gun" when Hines's gun dropped to the ground. Robinson changed his story several times as to whether he disposed of Hines's gun, which was turned over to the police by Robinson's mother.

Justification is considered an element of the offense, and once raised, it must be disproved by the prosecution beyond a reasonable doubt. *Rouse v. State*, 2023 Ark. App. 558. A person is justified in using deadly physical force upon another person if the person reasonably believes that the other person is committing or is about to commit a felony involving physical force or violence or is using or is about to use unlawful deadly physical force. Ark. Code Ann. § 5-2-607(a) (Repl. 2024). A person is not required to retreat before using deadly physical force if six enumerated conditions are satisfied. Ark. Code Ann. § 5-2-607(b). On appellate review, this court must determine whether there was substantial evidence to support a finding of justification. *Rouse, supra.*

In order to preserve a challenge to the sufficiency of the evidence in a jury trial, a criminal defendant must move for directed verdict at the close of the evidence offered by the prosecution and at the close of all the evidence. Ark. R. Crim. P. 33.1(a). A motion for directed verdict shall state the specific grounds therefor. *Id.* We will not address the merits of an appellant's sufficiency argument when the directed-verdict motion is not specific. *Rouse, supra.* As to first-degree murder, Robinson argued in his directed-verdict motion as follows:

2

[T]here has not been a prima facie case made that Mr. Robinson's purpose was to cause the death of Mr. Hines. All the evidence leads to the fact that he was put in a position of self-defense, and there was no prima facie case made that that was not the case.

In *Kinsey v. State*, 2016 Ark. 393, at 7, 503 S.W.3d 772, 776, the supreme court held that Kinsey's argument in his directed-verdict motion that "the State has not disproven" self-defense failed to identify specifically how the State's proof was insufficient to meet its burden of negating self-defense. The supreme court noted, for example, that Kinsey did not specify whether the State failed to show that Kinsey lacked a reasonable belief that the victims were about to use deadly force; whether the State failed to demonstrate that Kinsey could not have retreated safely; or whether the State failed to demonstrate that the victims were not committing or about to commit a felony involving force or violence. Because Kinsey did not identify any specific elements that he claimed the State did not meet, the supreme court held that he did not preserve the issue for review. Similarly, in *Boston v. State*, 2020 Ark. App. 551, at 2, 613 S.W.3d 764, 766, we held that a motion arguing that the State presented "no proof that she did not act in self-defense" failed to identify any specific element of justification that the State had failed to disprove. *See also Johnson v. State*, 2021 Ark. App. 207, at 6 (holding that a directed-verdict motion mentioning the words "justified" and "defending herself" failed to preserve a justification argument for appeal); *Woods v. State*, 2018 Ark. App. 256, at 5, 548 S.W.3d 832, 835 (holding that an argument that the defendant was "defending her sons" did not preserve justification argument).

As in these cases, Robinson's directed-verdict motion failed to identify any specific deficiencies in the State's proof regarding justification, and the issue is not preserved for appeal.  Robinson also argues that there was insufficient evidence to convict him of first-degree murder pursuant to the doctrine of imperfect self-defense; however, this argument was likewise not preserved.  Accordingly, we affirm Robinson's conviction.

Affirmed.

VIRDEN and MURPHY, JJ., agree.

*Terrence Cain*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.