Cite as 2024 Ark. App. 388

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-23-647

| | |
|---|---|
| SETHPHROM HENDERSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered  June 5, 2024<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NOS. 43CR-21-173; 43CR-22-461]<br><br>HONORABLE BARBARA ELMORE, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**WENDY SCHOLTENS WOOD, Judge**

Sethphrom Henderson appeals two Lonoke County sentencing orders— one finding him guilty of fleeing and sentencing him to seventy-two months in prison (case No. 43CR-22-461) and one revoking his probation for criminal mischief and sentencing him to twelve months in the county jail (case No. 43CR-21-173).  Pursuant to Arkansas Supreme Court Rule 4-3(b) (2023) and *Anders v. California*, 386 U.S. 738 (1967), Henderson's counsel has filed a motion to withdraw, stating that there is no merit to an appeal. The motion is accompanied by a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court served Henderson with a copy of counsel's brief and notified him of his right to file a pro se statement of points for reversal within thirty days, but he has not done so. We affirm the conviction for fleeing and the revocation and grant counsel's motion to withdraw.

On August 2, 2021, Henderson pled guilty to first-degree criminal mischief, a Class A misdemeanor, and was sentenced to twelve months' probation and ordered to pay $500 in restitution along with court costs, fines, and fees. The conditions of his probation included that he report to his probation officer as directed; obey all state, federal, and local laws; not use, sell, or possess any controlled substances; and pay his restitution, fines, costs, and fees as ordered.

On March 30, 2022, the State filed a petition to revoke Henderson's probation, alleging that he had failed to report on December 23, 2021, and February 9, 2022, and that his whereabouts were unknown; failed to receive approval from his probation officer prior to moving residences; tested positive for marijuana on January 6, 2022; and failed to make payments toward his fines, fees, and costs. An amended petition to revoke was filed on July 8, adding that Henderson was arrested for fleeing in a vehicle, creating a substantial danger of death, in Lonoke, Arkansas, on July 1, 2022. On August 24, the State charged Henderson with fleeing, a Class C felony, in 43CR-22-461. The State filed amended revocation petitions on January 5, January 31, and February 6, 2023, adding that Henderson tested positive for marijuana five more times and had not made any payments toward his fines, fees, and costs.

On June 13, the circuit court held a bench trial in the fleeing case followed by a revocation hearing. Lieutenant Dustin Morgan of the Arkansas State Police testified that on July 1, 2022, he was working federal speed enforcement on Highway 67 at the exit 25 southbound on ramp. He initiated contact with Henderson after he saw a silver vehicle pass by him without any visible tags. Morgan attempted to catch up to the vehicle and execute a

traffic stop, but the vehicle failed to stop after Morgan activated his lights and siren. Morgan followed the vehicle for about three miles, during which the vehicle sped up from eighty to ninety-five miles an hour in a seventy-five-mile-an-hour zone. The dash-camera footage was introduced into evidence that showed vehicles moving out of Henderson's way when he left his lane of traffic. The footage also showed Morgan's speed as he pursued Henderson. The silver vehicle eventually stopped, and the driver, who was identified as Henderson, fled the scene.

Morgan said that during the chase, he reached speeds in excess of one hundred miles an hour. Morgan was afraid Henderson's vehicle would hit other motorists whose travel was impeded by Henderson's driving. Morgan testified that when the vehicle stopped, Henderson fled on foot, jumped a fence, and "took off" across a field. Morgan said he stayed with the vehicle to deal with Henderson's two passengers, who appeared scared and shaken. Henderson was apprehended by another officer about a quarter mile away.

At the close of the State's case, defense counsel moved to dismiss, arguing that the State failed to prove there was a risk of serious injury or death. The circuit court denied the motion. The defense rested without calling any witnesses, and the circuit court found Henderson guilty of fleeing. A hearing followed on the State's petition to revoke.

Officer Milly Norris testified that she was Henderson's probation officer in January 2022. Norris said that Henderson violated the conditions of his probation by testing positive for marijuana on three occasions and failing to report between February and July 2022, before he was arrested on the fleeing charge.

Officer Johnathon Mertens testified that he began supervising Henderson in November 2022. Mertens said that Henderson tested positive twice for marijuana but had negative tests in the months of March, April, and May 2023.

The State rested, and Henderson testified in his defense. He said that he had recently stopped smoking marijuana because he was about to have his first son and that he was working with his father on "scrap metal or anything we can get our hands on." He also acknowledged his failure to report, explaining that he tried to call the probation office but had issues with his phone and trouble reaching the right person. He said he had been "catching up" on his fines.

In separate orders entered on June 14, 2023, Henderson was sentenced to concurrent sentences of seventy-two months in prison for the fleeing conviction in 43CR-22-461 and one year in the county jail for the revocation of his probation for first-degree criminal mischief in 43CR-21-173. This appeal followed.

Rule 4-3(b)(1) provides that a no-merit brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The brief's statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court and the page number where each adverse ruling is located in the appellate record. Ark. Sup. Ct. R. 4-3(b)(1).

Henderson's counsel has briefed the two adverse rulings in this case. The first is the fleeing conviction. A motion to dismiss at a bench trial is identical to a motion for directed verdict at a jury trial in that it is a challenge to the sufficiency of the evidence. Ark. R. Crim. P. 33.1; *Warren v. State*, 2019 Ark. App. 33, at 2, 567 S.W.3d 105, 107. This court will affirm a circuit court's denial of the motion if there is substantial evidence, either direct or circumstantial, to support the verdict. *Id.* Substantial evidence is defined as evidence forceful enough to compel a conclusion beyond suspicion and conjecture. *Id.* The evidence is viewed in the light most favorable to the verdict, and only evidence supporting the verdict is considered. *Id.*

Arkansas Code Annotated section 5-54-125(a) provides that "[i]f a person knows that his or her immediate arrest or detention is being attempted by a duly authorized law enforcement officer, it is the lawful duty of the person to refrain from fleeing, either on foot or by means of any vehicle or conveyance." Fleeing by means of a vehicle is a Class C felony "if under circumstances manifesting extreme indifference to the value of human life, a person purposely operates the vehicle or conveyance in such a manner that creates a substantial danger of death or serious physical injury to another person." Ark. Code Ann. § 5-54-125(d)(3) (Supp. 2023).

We hold that there would be no merit to an appeal of the sufficiency of the evidence supporting the fleeing conviction. The State presented the testimony of Lieutenant Morgan, who said that he attempted to initiate a stop of Henderson's vehicle for having no visible tags. Morgan initiated his lights and siren and followed Henderson for about three miles.

Henderson did not stop and instead increased his speed from eighty to ninety-five miles an hour in a seventy-five-mile-an-hour zone. Morgan's dashcam footage showed that Henderson left his lane of traffic and caused other drivers to run off the road. Morgan said that once the vehicle stopped, Henderson fled on foot, and his two passengers appeared scared and shaken.

The second adverse ruling is the revocation of probation. To revoke a defendant's probation, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of his or her probation. *McDougal v. State*, 2015 Ark. App. 212, at 4, 465 S.W.3d 863, 866. The State bears the burden of proof but need only prove one violation. *Peals v. State*, 2015 Ark. App. 1, at 4, 453 S.W.3d 151, 154.

We hold that there would be no merit to an appeal of the sufficiency of the evidence supporting the revocation. Henderson admitted he had violated his probation by using marijuana and failing to report. In addition, there was substantial evidence that Henderson committed the new offense of fleeing. Moreover, Henderson's counsel conceded that there was sufficient evidence to establish a violation.

In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Williams v. State*, 2013 Ark. App. 323, at 2–3. In this case, counsel has complied with Rule 4-3(b), and we hold that the appeal is without merit. Accordingly, we affirm the fleeing conviction and the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

ABRAMSON and GRUBER, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

One brief only.